[No. B109203. Second Dist., Div. Five. Aug. 7, 1997.]

In re ROBERT G. SALDANA on Habeas Corpus.

622

**COUNSEL**

Gil Garcetti, District Attorney, Patrick D. Moran and Shirley S. N. Sun, Deputy District Attorneys, for Appellant.

Michael P. Judge, Public Defender, Albert J. Menaster, Jean Marie Klingenbeck and Alex Ricciardulli, Deputy Public Defenders, for Respondent.

## OPINION

ARMSTRONG, J.—Respondent Robert G. Saldana was convicted, following a jury trial, of one count of possession of a controlled substance, heroin, in violation of Health and Safety Code section 11350. The trial court sentenced respondent to a term of 25 years to life in state prison pursuant to Penal Code section 667, subdivisions (b) through (i) (the "three strikes" law). We affirmed the sentence and conviction, and our Supreme Court denied respondent's petition for review. Respondent then filed a petition for writ of habeas corpus in the trial court, seeking reconsideration of his sentence. The trial court granted the petition, held a new sentencing hearing, dismissed one of respondent's prior convictions, and resentenced respondent to a term of four years in state prison.

The People of the State of California appeal from the trial court's orders granting respondent's habeas corpus petition and resentencing respondent, contending that the law of the case prohibited resentencing and that respondent's first appeal of his sentence precluded a subsequent petition for writ of habeas corpus raising the same issue. We affirm the trial court's order granting respondent's petition and the trial court's December 6, 1996, sentencing order, and vacate the trial court's June 20, 1997, order staying respondent's release from prison.

### Facts

On November 11, 1994, following a jury trial, respondent was convicted of one count of possession of a controlled substance, heroin, in violation of Health and Safety Code section 11350. The heroin, weighing approximately .88 grams, was discovered during a parole search of respondent's residence. The trial court found true the allegations that respondent had suffered a conviction for residential burglary in 1977 and a conviction for robbery in 1981, and that both were serious felony convictions within the meaning of the three strikes law.

On January 11, 1995, the trial court sentenced respondent to a term of 25 years to life in prison, pursuant to the three strikes law. The court stated that it did not believe that it had the authority to strike respondent's prior convictions. The court indicated that if it had the authority to strike one or both of respondent's convictions, it would do so.

On March 21, 1996, this court affirmed respondent's conviction and resulting sentence. In our opinion, we stated that, based on respondent's criminal history, it would have been an abuse of discretion for the trial court to strike either of respondent's prior convictions.

On May 29, 1996, our Supreme Court denied review of respondent's case.

On June 20, 1996, our Supreme Court issued its opinion in *People* v. *Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628], in which the court made it clear that trial courts do have authority under the three strikes law to strike prior convictions.

On July 26, 1996, respondent filed a petition for writ of habeas corpus in the trial court. On October 16, 1996, the trial court issued a minute order stating that respondent had established a prima facie case for reconsideration of his sentence.

On December 6, 1996, the trial court held a resentencing hearing. During this hearing, the prosecutor read the portion of this court's opinion which affirmed respondent's sentence, and stated that he agreed with the opinion. Respondent's attorney argued that a number of factors supported dismissal of respondent's prior convictions, including the fact that respondent had stayed out of trouble while in prison, was on a waiting list for a methadone program in prison, and still had the support of his family. The trial court dismissed respondent's 1977 burglary conviction, stating that the current offense was relatively minor, the burglary conviction was 16 years old, respondent had 2 children and was still married to the same wife, cared about his family, and was older and less likely to commit crimes now. The trial court accordingly resentenced respondent to a term of four years in state prison, consisting of the midterm of two years for the current conviction, doubled pursuant to the three strikes law.

On June 20, 1997, the trial court granted appellant's request to stay respondent's release from prison, scheduled for July 4, 1997, pending resolution of this appeal.

### Discussion

1. *Law of the case*

Appellant contends that this court's March 21, 1996, statement that it would be an abuse of discretion to strike either of respondent's prior

convictions was law of the case and that the trial court therefore erred in resentencing respondent. Respondent contends that appellant has waived this issue by failing to raise it in the trial court. We disagree with both parties.

The prosecutor read a portion of our opinion to the trial court at the resentencing hearing, and urged the trial court to follow the opinion. Respondent's attorney argued that our statement concerning abuse of discretion was dictum, and not binding on the trial court. Thus, the issue of whether our opinion was law of the case and therefore binding on the trial court was raised in the trial court, and argued by both sides. The prosecutor's failure to use the phrase "law of the case" does not waive the issue.

The doctrine of law of the case states that: "If a case is first tried, and the judgment rendered is reversed on appeal, it will ordinarily be tried again (except where the reversal is with directions to enter judgment). [Citation.] And after such retrial (and in some situations after a judgment is entered pursuant to directions), another appeal may be taken. The doctrine of 'law of the case' deals with the effect of the first appellate decision on the subsequent retrial or appeal: The decision of an appellate court, stating a rule of law necessary to the decision of the case, conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case." (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 737, p. 705, italics omitted.)

The doctrine is a rule of procedure, not of jurisdiction. (*England* v. *Hospital of Good Samaritan* (1939) 14 Cal.2d 791, 795 [97 P.2d 813]; see *Clemente* v. *State of California* (1985) 40 Cal.3d 202, 211 [219 Cal.Rptr. 445, 707 P.2d 818].) "A court is not absolutely precluded by the law of the case from reconsidering questions decided upon a former appeal." (*England* v. *Hospital of Good Samaritan, supra,* 14 Cal.2d at p. 795.) "Where there are exceptional circumstances, a court which is looking to a just determination of the rights of the parties to the litigation and not merely to rules of practice, may and should decide the case without regard to what has gone before." (*Ibid.*)

"The principal ground for making an exception to the doctrine of law of the case is an intervening or contemporaneous change in the law." (*Clemente* v. *State of California, supra,* 40 Cal.3d at p. 212.) As our Supreme Court has explained, this exception to the law of the case doctrine has "been applied to cases where the controlling rules of law have been altered or clarified by a decision intervening between the first and the second determinations of the

appellate courts." (*DiGenova* v. *State Board of Education* (1962) 57 Cal.2d 167, 179-180 [18 Cal.Rptr. 369, 367 P.2d 865].)

■ Our Supreme Court's decision in *People* v. *Superior Court* (*Romero*), *supra*, 13 Cal.4th 497 is such an intervening decision which justifies making an exception to the law of this case. In *Romero*, our Supreme Court explained what constituted an abuse of discretion in three strikes cases, stating that a trial court abuses its discretion if it dismisses a prior conviction to accommodate judicial convenience, because of court congestion, simply because a defendant pleads guilty, or if guided solely by a personal antipathy for the effect that the three strikes law would have on a defendant, "while ignoring 'defendant's background,' 'the nature of his present offenses,' and other 'individualized considerations.'" (*Id.* at p. 531.)

Our Supreme Court's decision in *People* v. *Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968 [60 Cal.Rptr.2d 93, 928 P.2d 1171] also constitutes an intervening decision which clarifies the law and justifies making an exception to the law of this case.[1] As our Supreme Court has explained, any exercise of sentencing discretion "must be an intensely fact-bound inquiry taking all relevant factors, including the defendant's criminal past and public safety, into due consideration; and the record must so reflect." (*Id.* at pp. 981-982.) Considering only a defendant's criminal history is "incompatible with the very nature of sentencing discretion; the entire picture must remain exposed." (*Id.* at p. 981.)

The trial court properly reconsidered respondent's sentence in light of our Supreme Court's opinion in *People* v. *Superior Court* (*Romero*), *supra*, 13 Cal.4th 497. When the trial court initially sentenced respondent in 1995, it did not make any specific findings of fact concerning the appropriate sentence for respondent, no doubt because the trial court did not believe that it had any discretion in sentencing respondent. At the 1996 sentencing hearing, the trial court considered the nature of respondent's current offense, and respondent's criminal record, personal and family situation, and conduct while imprisoned. The trial court then made specific findings of fact in support of its decision to dismiss the 1977 conviction. Thus, the trial court's

---

[1] Our Supreme Court issued its opinion in *People* v. *Superior Court* (*Alvarez*), *supra*, 14 Cal.4th 968, on January 16, 1997, too late to provide guidance to the trial court, but not to this court on this appeal.

1996 decision to resentence respondent was based on the "entire picture" of respondent.[2]

We, too, must reevaluate respondent's sentence in light of *People* v. *Superior Court (Romero)* and also *People* v. *Superior Court (Alvarez)*. Since the trial court did not make any specific findings of fact at its 1995 sentencing hearing, our March 1996 decision that it would be an abuse of discretion to dismiss one or both of respondent's prior convictions rested entirely on respondent's criminal record, and on the rule that an appellate court must indulge in every presumption necessary to uphold a judgment. In its 1996 resentencing hearing, the trial court made findings of fact and developed the "entire picture" of respondent. Using the guidelines provided by our Supreme Court in *People* v. *Superior Court (Romero)* and *People* v. *Superior Court (Alvarez)*, we now review the trial court's sentencing decision based on the "entire picture" of respondent, and find no abuse of discretion in the trial court's decision to dismiss respondent's 1977 burglary conviction.

## 2. *Second appeal rule*

■ Appellant contends that the trial court erred in granting respondent's petition for writ of habeas corpus because the petition was barred by the "second appeal" rule. We disagree.

The general rule is that a party may not raise in a habeas corpus petition an issue which was raised and rejected on direct appeal, or which could have been, but was not, raised on direct appeal. (*In re Waltreus* (1965) 62 Cal.2d 218 [42 Cal.Rptr. 9, 397 P.2d 1001] [issue which was actually raised on appeal]; *In re Dixon* (1953) 41 Cal.2d 756 [264 P.2d 513] [issue which could have been raised on appeal].)

An "exception to the *Waltreus* rule, established by case law, has permitted a petitioner to raise in a petition for writ of habeas corpus an issue previously rejected on direct appeal when there has been a change in the law

---

[2]The trial court's findings of fact constitute a second reason that the law of the case doctrine does not apply to this appeal. "The law-of-the-case doctrine binds that trial court as to the law but controls the outcome only if the evidence on retrial or rehearing of an issue is substantially the same as that upon which the appellate ruling was based." (*People* v. *Mattson* (1990) 50 Cal.3d 826, 850 [268 Cal.Rptr. 802, 789 P.2d 983].) Our ruling on appeal was based only on respondent's criminal record. At the resentencing hearing, the trial court made findings of fact concerning respondent's current offense and personal situation. Since these facts were not part of the record of the first appeal and did not form the basis for our first ruling, the trial court was free to reach a different outcome on resentencing.

affecting the petitioner. [Citations.]" (*In re Harris* (1993) 5 Cal.4th 813, 841 [21 Cal.Rptr.2d 373, 855 P.2d 391].) As we have explained, that is the situation here. Accordingly, respondent's petition was not barred by the *Dixon-Waltreus* rule.

### Disposition

The trial court's December 6, 1996, order sentencing respondent to four years in state prison is affirmed. We order vacated the trial court's June 20, 1997, order staying respondent's release from prison.

Grignon, Acting P. J., and Godoy Perez, J., concurred.

A petition for a rehearing was denied August 27, 1997, and appellant's petition for review by the Supreme Court was denied November 25, 1997.