Filed 6/16/14  P. v. Robinson CA3

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C073749 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF12-4295) |
| v. | |
| HARMONTE ROBINSON, | |
| Defendant and Appellant. | |

A jury convicted defendant Harmonte Robinson of unlawful possession of methamphetamine.  (Health & Saf. Code, § 11377, subd. (a).)  As a prior strike offender, defendant was sentenced to an aggregate term of six years in state prison.  On appeal defendant contends the trial court abused its discretion (1) by denying his motion to dismiss his prior strike conviction, and (2) by denying his motion to reduce his felony conviction for possessing methamphetamine to a misdemeanor; he also asserts (3) the judgment should be amended to reflect his presentence custody credits.

1

We shall modify the judgment to reflect defendant's presentence custody credits, and affirm as modified.

## FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a residential search warrant executed in November 2012, police officers discovered in defendant's pocket a plastic baggie containing what was later determined to be 0.23 grams of methamphetamine. Defendant admitted the methamphetamine found in his pocket was his.[1] Defendant also stated that he was homeless and occasionally stayed at the residence where he was discovered by law enforcement.

A jury convicted defendant of unlawful possession of methamphetamine as a felony. In a bifurcated proceeding, the trial court found true enhancement allegations that defendant had a prior strike conviction under the three strikes law for battery causing serious bodily injury (Pen. Code, §§ 243, subd. (d), 667, subd. (c)(1)),[2] and that defendant had served two prior prison terms (§ 667.5, subd. (b)). Prior to sentencing, defendant moved to reduce his felony conviction for possessing methamphetamine to a misdemeanor pursuant to section 17, subdivision (b) (section 17(b) motion), and moved to dismiss his prior strike conviction pursuant to section 1385 (*Romero* motion).[3] The trial court denied both motions. Defendant filed a timely notice of appeal.

---

[1] The parties also stipulated defendant knew of methamphetamine's nature and character on the date of the incident.

[2] Undesignated statutory references are to the Penal Code.

[3] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

## DISCUSSION

## I. *Romero* Motion

Defendant argues the trial court abused its discretion in denying his *Romero* motion. Specifically, defendant argues the nature and circumstances of the current offense, his criminal history, the remoteness of his prior strike conviction, and his background, character, and prospects, compel a conclusion that the *Romero* motion should have been granted. We find no abuse of discretion in the trial court's denial of defendant's *Romero* motion.

### A. Governing Law

Section 1385, subdivision (a) permits a trial court, in furtherance of justice, to strike (i.e., dismiss) a prior strike conviction for purposes of sentencing if the defendant falls outside the spirit of the three strikes law. (*People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*).) In so doing, the trial court "must consider whether, in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions [(i.e., strike convictions)], and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Ibid.*)

A trial court's decision to strike a prior conviction pursuant to section 1385, subdivision (a) is reviewed for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 373 (*Carmony*).) The burden is on the party attacking the sentence to show that the decision was "so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.) "It is not enough to show that reasonable people might disagree about whether to strike one or more of his prior convictions. Where the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling,

even if we might have ruled differently in the first instance." (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.)

## *B.  Analysis*

Here, the relevant considerations supported the trial court's denial of defendant's *Romero* motion, and there is nothing in the record to suggest that the court denied the motion for improper reasons or that it failed to consider the relevant factors.

Defendant has repeatedly transgressed the line of the law.  Defendant's criminal record includes the following:  an August 2000 conviction for battery in violation of Penal Code section 242; a conviction for obstructing an officer in violation of Penal Code section 148, subdivision (a)(1) in March 2002; an April 2002 conviction for misdemeanor possession of a controlled substance in violation of Health and Safety Code section 11377, subdivision (a); a March 2003 conviction for felony possession of a controlled substance in jail in violation of Penal Code section 4573.6; an August 2003 conviction for misdemeanor battery in violation of Penal Code section 242; a December 2003 conviction for felony battery causing serious bodily injury (*id*., § 243, subd. (d)—this is defendant's prior strike conviction); a July 2005 conviction for possession of controlled substance paraphernalia in violation of Health and Safety Code section 11364; a March 2007 conviction for felony unlawful intercourse with a minor in violation of Penal Code section 261.5, subdivision (c); and a March 2007 conviction for felony infliction of corporal injury on a cohabitant in violation of Penal Code section 273.5, subdivision (a).

Defendant asserts that his current offense and most of his prior offenses are not particularly egregious, that his prior strike conviction is 10 years old, and that he was trying to improve himself by participating in substance abuse treatment after the current conviction.  The trial court could not overlook the fact, however, that defendant consistently committed criminal offenses—a strong indication of defendant's unwillingness to comply with the law.  Indeed, defendant committed the current offense

4

within seven months of being released from prison and while still on postrelease community supervision, after having served a term of six years eight months (as a prior strike offender) for his convictions for felony infliction of corporal injury upon a cohabitant and unlawful sexual intercourse with a minor.  And, as already mentioned, defendant has been convicted of several prior drug-related offenses.  "[T]he existence of such convictions reveals that [defendant] ha[s] been taught, through the application of formal sanction, that [such] criminal conduct [i]s unacceptable—but ha[s] failed or refused to learn his lesson."  (*People v. Gallego* (1990) 52 Cal.3d 115, 208-209, fn. 1 (conc. opn. of Mosk, J.).)

Defendant also argues that his criminal conduct was "secondary to untreated substance abuse."  "However, drug addiction is not necessarily regarded as a mitigating factor when a criminal defendant has a long-term problem and seems unwilling to pursue treatment."  (*People v. Martinez* (1999) 71 Cal.App.4th 1502, 1511.)  The trial court did consider defendant's history of substance abuse and his willingness to enter a treatment program, and remarked, "[defendant] should have been given [the] chance in [a] drug program a long time ago."  The record indicates defendant had been using marijuana daily since the age of 13 and had been snorting methamphetamine daily since the age of 16.  And while defendant has been participating in a substance abuse treatment program, he sought treatment only after committing the current offense.  The purpose of the three strikes law is to provide greater punishment for recidivist criminal offenders who have not been rehabilitated or deterred from further criminal activity.  (*People v. Davis* (1997) 15 Cal.4th 1096, 1099; *People v. Leng* (1999) 71 Cal.App.4th 1, 14.)  Defendant's conduct demonstrates he is unable to remain law abiding, even with supervision.

Defendant cites *In re Saldana* (1997) 57 Cal.App.4th 620, *People v. Cluff* (2001) 87 Cal.App.4th 991 (*Cluff*) and *People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968

(*Alvarez*), for the proposition that his prior strike offense should have been dismissed despite his criminal history.

However, *Saldana* is inapposite as the appellate court there *found no abuse of discretion* in the trial court's decision *to dismiss the defendant's prior conviction*. (*In re Saldana*, *supra*, 57 Cal.App.4th at pp. 626-627.) Here, defendant is asking us to *find abuse of discretion* in the trial court's decision *not to dismiss his prior conviction*.

Defendant's reliance on *Cluff* is also misplaced. The defendant in *Cluff* was convicted of failing to comply with the sexual offender registration requirements and, as a three strikes offender, was sentenced to a term of 25 years to life in prison. (*Cluff*, *supra*, 87 Cal.App.4th at p. 994.) The trial court denied the defendant's motion to strike the prior conviction allegations, largely because it inferred the defendant failed to comply with the registration requirements to evade the reach of law enforcement. (*Id.* at p. 1001.) The appellate court in *Cluff* found an abuse of discretion because there was no substantial evidence to support the trial court's inference, and the record strongly suggested the defendant committed a mere "technical violation" of the registration requirements. (*Id.* at pp. 994, 1001-1002.) In the present case, by contrast, defendant's criminal conduct was an affirmative act, not a technical violation, and there is substantial evidence in the record, particularly defendant's criminal history, supporting the trial court's determination that defendant was within the spirit of the three strikes law.

Defendant's reliance on *Alvarez* is also misplaced. In *Alvarez*, the defendant was convicted of possessing 0.41 grams of powdered methamphetamine and he admitted to having four prior serious felony convictions. (*Alvarez*, *supra*, 14 Cal.4th at pp. 973-974.) The trial court reduced the possession conviction to a misdemeanor stating " 'that's for sure what it was.' " (*Id.* at p. 973.) The Supreme Court found that the trial court acted within its discretion. (*Id.* at pp. 980, 981.) The Supreme Court did not hold, however, that a defendant possessing less than 0.41 grams of methamphetamine is always entitled

to have one or more prior convictions stricken as a matter of law. Moreover, the felony conviction in *Alvarez* was reduced to a misdemeanor pursuant to section 17(b), which gives especially broad discretion to the trial courts. (*Id.* at p. 977 ["section 17(b), read in conjunction with the relevant charging statute, rests the decision whether to reduce a wobbler solely 'in the discretion of the court' "].) Conversely, in this case, defendant is arguing his prior strike conviction should be dismissed pursuant to section 1385 in the context of the three strikes law, which involves a more limited discretion. (*Romero*, *supra*, 13 Cal.4th at p. 530 [trial court's discretion to strike prior felony conviction under § 1385 " 'is limited by the amorphous concept which requires that the dismissal be "in furtherance of justice" ' "]; *Carmony*, *supra*, 33 Cal.4th at p. 378 ["[T]he three strikes law not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so."].) *Alvarez* is also distinguishable, as the Supreme Court in that case was examining whether the trial court abused its discretion in *granting* the defendant's section *17(b) motion*, while the first issue in this case involves whether the trial court abused its discretion in *denying* defendant's *Romero motion*. (*Alvarez*, *supra*, 14 Cal.4th at pp. 972-973.)

Defendant cites to *People v. Philpot* (2004) 122 Cal.App.4th 893 and *Williams*, *supra*, 17 Cal.4th 148 for the proposition that the nature and circumstances of his prior offenses and the remoteness of his prior strike offense show he fell outside the spirit of the three strikes law. Although defendant's criminal history is not as severe and extensive as the defendants' criminal histories in *Philpot* and *Williams*, his record, as reflected in the probation report, "consists of four (4) felony and seven (7) misdemeanor convictions, all of which occurred within a seven-year period, indicating a pattern of regular criminal activity."

7

Defendant also argues that "[p]roper consideration of the particulars of [his] background, character and prospects, further support[s] the conclusion [he] fell outside the spirit of the three strikes law." However, the record shows defendant had persistent difficulty maintaining a job and a residence and had two children he did not financially support. These facts weigh against any finding of prospects that might cause defendant to land outside the spirit of the three strikes law. The record also shows defendant has a long history of substance abuse and criminal conduct—including a prior strike conviction for felony battery, at least three other convictions for physical violence, and numerous parole violations—and had never sought treatment for his substance abuse problem until after the current conviction despite having several prior drug-related convictions.

We conclude the trial court did not abuse its discretion in denying defendant's *Romero* motion.

## II.  Section 17(b) Motion

Defendant argues the trial court abused its discretion in denying his section 17(b) motion by failing to properly consider all the relevant factors. Specifically, defendant asserts that the nature and circumstances of the current offense, defendant's appreciation and attitude toward the current offense, and an assessment of the general sentencing objectives compel a finding that the current offense should have been reduced to a misdemeanor and that the trial court abused its discretion in finding otherwise. We disagree.

### A.  Governing Law

Defendant was convicted of methamphetamine possession. (Health & Saf. Code, § 11377, subd. (a).) Because that conviction allows for punishment in county jail for a period of not more than one year, or by imprisonment under the provisions of section 1170, subdivision (h), the offense is considered a "wobbler," and the trial court has the

discretion, under section 17(b), to treat the offense as a felony or a misdemeanor for sentencing purposes. (*Alvarez*, *supra*, 14 Cal.4th at p. 977.)

The trial court has broad authority in ruling on a motion to reduce a wobbler offense to a misdemeanor. (*Alvarez*, *supra*, 14 Cal.4th at p. 977.) In determining whether to exercise its discretion under section 17(b), the trial court should consider " 'the nature and circumstances of the offense, the defendant's appreciation of and attitude toward the offense, or his traits of character as evidenced by his behavior and demeanor at the trial.' [Citations.] When appropriate, judges should also consider the general objectives of sentencing such as those set forth in California Rules of Court, rule [4.410]." (*Alvarez*, at p. 978.)

We review the trial court's ruling for abuse of discretion. (*Alvarez*, *supra*, 14 Cal.4th at pp. 977-978.) The party attacking the sentence has the " 'burden . . . to clearly show that the sentencing decision was irrational or arbitrary.' " (*Id.* at p. 977.) " ' "An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge." ' " (*Id.* at p. 978.)

### *B. Analysis*

Before denying defendant's section 17(b) motion, the trial court indicated it had reviewed all the relevant materials; had listened to the witnesses and the attorneys; and had "looked at this up one side and down the other." It is also evident the trial court considered the factors identified in *Alvarez*. In fact, the trial court stated it was imposing the middle term for the methamphetamine possession conviction, even though the probation report had recommended the upper term, because the court "*balance*[*d*] a lot of factors against [defendant's] history of . . . crime," including defendant's history of drug addiction, and his immediate admission that the methamphetamine was his. (Italics added.)

9

Defendant relies on *Alvarez* for the proposition that the nature and circumstances of the current offense compel a reduction of the offense from a felony to a misdemeanor. However, *Alvarez* is no help to defendant. Although defendant was in possession of less methamphetamine (0.23 grams) than the defendant in *Alvarez* (0.41 grams), the Supreme Court in *Alvarez* did not hold that possession of less than 0.41 grams of methamphetamine should always be considered a misdemeanor offense. In fact, *Alvarez* makes clear "the current offense cannot be considered in a vacuum; . . . the record should reflect a thoughtful and conscientious assessment of all relevant factors including the defendant's criminal history." (*Alvarez*, *supra*, 14 Cal.4th at p. 979.) Again, the record here clearly indicates the trial court considered all relevant factors, including defendant's repeated criminal activity.

Defendant also argues that his appreciation and attitude toward the current offense, and a thoughtful consideration of the general sentencing objectives in rule 4.410 of the California Rules of Court, support treating his conviction as a misdemeanor. In support of his argument, defendant notes he admitted the methamphetamine was his and did not contest that charge at trial (at trial, defendant was also charged with ammunition possession, for which he was acquitted), he made no excuses for his conduct, he had begun attending substance abuse treatment meetings, and there were no factors in aggravation relating to the crime. Defendant also argues that substance abuse was a factor in his criminal conduct and that his willingness to participate in a substance abuse treatment program shows that treating the offense as a misdemeanor would not jeopardize public safety. The record shows the trial court considered defendant's admission of possessing methamphetamine, his history of substance abuse and attendance in treatment programs, and the aggravating and mitigating evidence before denying defendant's section 17(b) motion.

We are "neither authorized nor warranted in substituting [our] judgment for the judgment of the trial judge." (*Brown v. Newby* (1940) 39 Cal.App.2d 615, 618.) Defendant has the burden of clearly showing that the trial court's decision was irrational or arbitrary. (*Alvarez*, *supra*, 14 Cal.4th at p. 977.) "In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." (*People v. Superior Court* (*Du*) (1992) 5 Cal.App.4th 822, 831.) We decline defendant's invitation to reweigh the evidence and substitute our judgment for that of the trial court. Accordingly, we find no abuse of discretion in the trial court's denial of defendant's section 17(b) motion.

### III.  Presentence Custody Credits

Finally, defendant argues that the judgment should be amended to reflect his presentence custody credits. The People concede this point. We agree.

Under section 2900.5, all days a defendant spends in custody are credited to the period of confinement pursuant to section 4019. Under section 2900.5, subdivision (d), the sentencing court has the duty to determine the total number of days to be credited and to list the number of days in the abstract of judgment.

During the May 7, 2013 sentencing hearing, the trial court did not have an accurate calculation of defendant's custody credits and requested a postsentence report on credits only. On May 8, 2013, the abstract of judgment was filed, but it did not include defendant's custody credits. On May 16, 2013, the probation department issued a postsentence report on custody credits indicating defendant had 188 days of actual time served and 188 days of custody credits, for a total of 376 days. The trial court ordered the credits as outlined in the report on May 22, 2013; however, no amended abstract of judgment was issued.

Accordingly, defendant is entitled to 376 days of presentence custody credits as reflected in the postsentence report on credits.

## DISPOSITION

The judgment is modified to award defendant presentence custody credit of 376 days (188 days of actual custody, plus 188 days of conduct credit). The trial court is directed to prepare an amended abstract of judgment to reflect this modification and to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation. As so modified, the judgment is affirmed.



      BUTZ      , Acting P. J.



We concur:



      DUARTE      , J.



      HOCH      , J.