Filed 11/4/14  P. v. League CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

     Plaintiff and Respondent,

v.

BARRY EDWARD LEAGUE,

     Defendant and Appellant.

E060521

(Super.Ct.No. SWF1201669)

OPINION

APPEAL from the Superior Court of Riverside County.  Judith C. Clark, Judge. Affirmed.

Richard Power, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Alastair J. Agcaoili, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Barry Edward League pled guilty of failing to register as a sex offender. (Pen. Code, § 290, subd. (b)).[1] The registration requirement stems from a 1993 conviction in the state of Washington for lewd acts with a minor under 14 years of age. Defendant admitted the prior offense for purposes of his guilty plea, but also filed a motion to dismiss the strike under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*). The trial court denied the motion. It then imposed the lower term for violation of section 290, subdivision (b), and sentenced defendant to 16 months' confinement, which it doubled to 32 months pursuant to the three strikes law.

On appeal, defendant contends that the court abused its discretion by refusing to strike one or both of his prior strike convictions. We disagree and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Because of the 1993 Washington conviction, defendant has a lifetime obligation to register as a sex offender. On August 8, 2011, defendant notified authorities in Washington that he was moving to Temecula. Those authorities advised defendant of his need to register in California and informed California authorities about his imminent relocation. On August 25, 2011, members of the Riverside County Sheriff's Department contacted defendant at the address he had provided to Washington authorities, which is an apartment complex in Temecula. Defendant admitted that he was required to register

_____

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

2

but he had not done so, despite having moved to California at least 11 days earlier. He was consequently arrested for violating section 290.

ANALYSIS

In *Romero*, *supra*, 13 Cal.4th 497, the California Supreme Court held that a trial court has discretion to dismiss three strikes prior felony conviction allegations under section 1385. (*Id.* at pp. 529-530.) We review the denial of a *Romero* motion to strike for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 375, 377 (*Carmony*).) We ground our inquiry in two well-established principles. First, defendant bears the burden of showing that the trial court's decision was "irrational or arbitrary," and we will presume the trial court "'acted to achieve legitimate sentencing objectives'" should he fail to make the necessary showing. (*Id.* at pp. 376-377.) Second, we will not reverse the trial court's order if all defendant shows is that reasonable people might disagree about its propriety. (*Id.* at p. 377.) "Taken together, these precepts establish that a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Ibid.*) Phrased differently, "'[w]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance' [citation]." (*Id.* at p. 378.)

To achieve greater unanimity in the statewide treatment of repeat offenders, the three strikes law purposefully limits a trial court's discretion in sentencing recidivist

defendants. (*Carmony*, *supra*, 33 Cal.4th at p. 377.) The touchstone of the *Romero* analysis is "'whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies.' [Citation.]" (*Ibid*.) No abuse of discretion occurs when the trial court carefully considers and balances factors establishing the "'entire picture'" of the defendant. (*In re Saldana* (1997) 57 Cal.App.4th 620, 626-627 (*Saldana*).)

Here, the record on appeal demonstrates that the trial court carefully balanced factors related to defendant's sentence. In the first of a series of decisions that were favorable to defendant, it rejected one of the People's arguments and found that his misstatement of his California address when he was still in Washington was not necessarily an attempt to evade being located by law enforcement. It acknowledged that the 1993 prior offense was "extremely remote," the current offense was nonviolent, defendant cooperated with law enforcement once the police contacted him in Temecula, and he had solid prospects for becoming a contributing member of society.

In the end, though, the court found these factors outweighed by the severity of defendant's prior offense, which the court characterized as "the most serious prior [it had] ever read" after briefly summarizing how defendant held a weapon to the minor he sexually abused and muffled her screams. In addition, the court expressed "grave

4

concern" over the facts that defendant, from his experiences in Washington, knew the consequences of failing to register and still declined to prioritize his California registration, instead lamely insisting he had not yet had an opportunity to comply with the law, as well as that he and his wife hid his presence at the apartment complex in which they lived from the property manager and other tenants. The court also noted that defendant only suffered confinement in Washington because he violated the terms of his release, which gave the court pause regarding defendant's ability to comply with probation terms imposed as a result of the conviction for violating section 290. Although a violation of section 290 is not itself violent, the court found that the sex offender registration scheme was both "serious" and accompanied by a "very, very significant" societal interest in "keeping track of individuals who have been convicted of sex [crimes] in their community." (See *Carmony*, *supra*, 33 Cal.4th at pp. 378-379 [upholding sentence of 26 years to life for repeat offender who failed to register as a sex offender on an annual basis].) Finally, the court emphasized that, while defendant did not exhibit a history of crimes of increasing violence, he did have, in addition the 1993 prior that caused the need for him to register as a sex offender, prior misdemeanor convictions for obstructing a public officer and resisting arrest.

For these reasons, we find the trial court did not abuse its discretion in doubling defendant's sentence under the three strikes law. In arguing to the contrary, defendant relies heavily on *People v. Cluff* (2001) 87 Cal.App.4th 991 (*Cluff*). There, the reviewing court reversed a sentence of 25 years to life in a case in which the defendant registered as

5

a sex offender but failed to comply with the requirement that he confirm his registration address each year. (*Id.* at pp. 995-996.) As the *Carmony* court explained, however, all the *Cluff* court actually held was that no substantial evidence supported the trial court's conclusion that the defendant had intentionally obfuscated his location for purposes of evading detection. (*Carmony*, *supra*, 33 Cal.4th at p. 379.) "Unlike the trial court in *Cluff*, which relied on a factor—the defendant's intentional obfuscation of his whereabouts—allegedly unsupported by the record, the trial court in this case refused to strike defendant's prior conviction[] based on factors allowed under the law and fully supported by the record." (*Ibid.*)

Defendant also cites *Saldana*, *supra*, 57 Cal.App.4th at p. 627, and *People v. Bishop* (1997) 56 Cal.App.4th 1245, for the proposition that "the minor and non-aggravated nature of the current offense or offenses is a powerful factor that can support dismissal of a sufficient number of 'strike' priors so as to negate third strike or doubled term status." In each of these cases, however, the appellate court affirmed the striking of priors by the trial court. (*Saldana*, at p. 624; *Bishop*, at p. 1248.) The "abuse of discretion standard 'measures whether, given the established evidence, the act of the lower tribunal falls within the permissible range of options set by the legal criteria.'" (*People v. Jackson* (1992) 10 Cal.App.4th 13, 22.) Because multiple outcomes may be legally supportable when a trial court decides how to exercise its discretion, the fact that a circumstance supported the striking of a prior offense in one case does not mean that the same circumstance will require the same result in other cases. The trial court here

6

considered the impact of the nonviolent nature of a section 290 violation, but found that other factors regarding defendant outweighed this potentially mitigating circumstance. Defendant has cited, and we have found, no case holding that the nonviolent nature of an offense compels an order granting a *Romero* motion to strike. Reliance on *Saldana* and *Bishop* is therefore unavailing.

Like the defendant in *Cluff*, defendant here argues no more than that the trial court should have balanced the relevant factors differently. As it in fact engaged in careful balancing, no abuse of discretion occurred.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

CODRINGTON
J.

7