Filed 1/7/15  P. v. Ekelund CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)


| | |
|---|---|
| THE PEOPLE, | C075694 |
| Plaintiff and Respondent, | (Super. Ct. No. CM037154) |
| v. | |
| PAGET GARY EKELUND, | |
| Defendant and Appellant. | |


Sentenced to 10 years in state prison pursuant to a plea agreement, defendant Paget Gary Ekelund contends the trial court wrongly denied his request to strike a prior strike.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

A first amended information charged defendant with six felony counts of possession for sale of controlled substances under Health and Safety Code section 11351 (count 1, 14.25 grams or more of heroin; count 2, OxyContin; counts 3 & 4, morphine; count 5, hydromorphone; count 6, hydrocodone), one felony count of possession for sale of a controlled substance under Health and Safety Code section 11378 (count 7, methamphetamine), one felony count of possession for sale of a controlled substance

1

under Health and Safety Code section 11350, subdivision (a) (count 8, methadone), and one felony count of child endangerment (count 9; Pen. Code, § 273a, subd, (a)).[1] The information also charged three misdemeanor drug counts (count 10, possession of opium pipe, injection device, or smoking device [Health & Saf. Code, former § 11364.1]; count 11, possession of a controlled substance, Lorazepam [Health & Saf. Code, § 11375, subd. (b)(2)]; count 12, possession of a controlled substance, Soma [carisoprodol] [Bus. & Prof. Code, § 4060]). As to counts 1 through 9, the information alleged that defendant had suffered six prior convictions (§ 667.5, subd. (b)), one prior strike (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)), and one prior controlled substance conviction (Health & Saf. Code, § 11370.2, subd. (a)).

Defendant entered a plea of no contest to count 1 and admitted the prior strike allegation and two prior prison term allegations, in return for the dismissal of the remaining counts and allegations. Defendant's plea agreement stated that he faced a maximum exposure of 10 years in state prison and that he could file a request to strike his prior strike. (§ 1385; *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).)

The trial court took the factual basis for the plea from the preliminary hearing. The evidence presented there showed that on August 31, 2012, a City of Chico police officer conducting a probation search of defendant's residence discovered a variety of controlled substances in his bedroom, including 18 grams of heroin, together with indicia of possession for sale, and defendant admitted possessing the heroin for purposes of sale.

The probation report recommended a 10-year state prison sentence (four years, the upper term, on count 1, doubled for the strike, plus two years for the prior prison terms). The report noted that defendant had numerous prior adult convictions and prior prison

---

[1] Undesignated statutory references are to the Penal Code.

terms, and his performance on prior grants of supervised release had been "less than stellar."

Defendant filed a written *Romero* request to strike his strike. Defendant asserted: He committed the strike, a 1986 residential burglary, over 25 years ago at the age of 18, during a single period of aberrant behavior. His participation consisted of waiting outside the victim's house while defendant's friend wrongly removed items from the house, in which the friend had formerly lived. The victim was known to be on vacation at the time, eliminating any possible harm or danger to him and thus mitigating the seriousness of the offense. Defendant's subsequent crimes, including the current offense, were all drug related and did not include any violent crimes. Although he began using methamphetamine and marijuana at 15 and continued to use them almost daily until his latest arrest, his "greatest burden" was heroin, which he had used daily since the age of 20. Defendant suffered from psychiatric problems dating back to his teens, for which he had received treatment on and off since he was 25. He had been diagnosed in prison with depression, anxiety, bipolar disorder, and obsessive-compulsive disorder. He was born with "a disease called psycho-genic disorder," as his mother's letter to the probation department confirmed. He had attempted suicide in the Ventura County jail. He had never been examined or treated for mental health problems outside prison. The criminal justice system had never addressed his substance abuse problem or directed him into rehabilitation, even though the Department of Corrections and Rehabilitation had once found him suitable for drug treatment after a parole violation. He had now been accepted into "a multitude of residential treatment facilities, including the Salvation Army," and was serious about overcoming his addiction. In short, he was a sick man in need of treatment, not the sort of person for whom the three strikes law was intended.

Defendant also filed a written statement in mitigation in support of his *Romero* request. The statement alleged: Defendant was very close to his mother and had moved back to Butte County to assist in her care. He was also close to his grown children and

3

had many family members in the area. His entire family was very supportive of him. He intended to complete a one-year Salvation Army rehabilitation program. He had never before been given a chance at rehabilitation or been ordered to attend rehabilitation in any prior criminal case. His prior parole violations had always involved dirty drug tests and nothing else. He had been honest and cooperative with law enforcement in the present case and had admitted the current offense and his strike at an early stage of the process.

The People filed written opposition to defendant's *Romero* request. They asserted that the facts of the case and defendant's criminal history did not justify dismissing a strike, and defendant fell squarely within the spirit and purpose of three strikes. In the present case defendant admitted to selling heroin out of the home he shared with his mother and nephew, "loaded syringes" were accessible to juveniles there, and contraband and narcotics were in a bedroom where children's toys were also located. The present case was defendant's 11th felony conviction, including three prior narcotics sales convictions. Defendant had six prior prison terms and five prior parole violations. He had never gone as long as four years without a prison term. When arrested in this case, defendant had been out of custody on postrelease community supervision (PRCS) for just seven months. Far from a single period of aberrant behavior, defendant had exhibited such behavior for an unbroken stretch of over 25 years. He had gotten the benefit of his plea bargain by avoiding a possible sentence of 33 years in state prison with 80 percent time served (including a child endangerment count with a nine-year-old victim) and obtaining a maximum 10-year sentence; to strike his strike would deprive the People of the benefit of their bargain. The fact that he had never sought rehabilitation on his own, with an admitted drug habit going back 31 years, was an aggravating factor. The People had no information about defendant's strike beyond the fact of his conviction, and defendant had offered no corroboration of his self-serving comments about the crime.

Defendant filed a response to the People's opposition, asserting that his criminal record was not "*serious* or *violent*, within the meaning of the Three Strikes laws."

4

At the sentencing hearing, defense counsel asserted that defendant's strike was "[m]ost of the reason" why the criminal justice system had never offered defendant a rehabilitation program. The prosecutor retorted that from the date of defendant's strike (April 27, 1988) to the date of his arrest in the present case, "the defendant has had 8,892 chances to voluntarily seek treatment for this addiction that he now pleads before the Court in his 11th felony."

Defense counsel asserted that defendant had completed a parenting and substance abuse course in jail. The probation officer noted that the probation report mentioned that fact.

After counsel submitted the matter, the trial court ruled:

"With regards to the *Romero* [m]otion, the Court will note that it has broad, but not unfettered discretion to dismiss a prior strike under Penal Code Section 1385 [and] [*Romero*].

"Nonetheless, the Court is mindful of the three-strike sentencing scheme, which is intended to restrict a Court's discretion in sentencing repeat offenders. The striking of a strike prior is an extraordinary exercise of discretion. In choosing to strike a strike, the Court must determine whether, in light of the nature and circumstances of the defendant's present felony, and the prior serous and/or violent convictions, and the particulars of his background character prospects [*sic*], the defendant may be deemed to be outside the spirit of the three-strikes law in whole or in part. The Court acknowledges that it does have that discretion to strike a strike, even post-plea bargain.

"The Court has considered the age of the prior strike, that being over 20 years old, the defendant's age at the time of the commission of the offense. He was 18 at the time. However, the Court would note that the defendant has ten prior felony convictions. Numerous violations of parole. He was on . . . PCRS . . . from the California Department of Corrections for only seven months at the time of the commission of this current offense. He did receive significant benefit of bargaining, including the dismissal of eight

5

felonies, three misdemeanors, one special allegation, and four additional prior prison terms.  His maximum as charged was approximately 33 years, and his maximum now to the charges and allegations that he's pled to is 10 years.

"I also considered the fact that the current case [is] aggravated by the child's accessibility to the controlled substances.

"With all those things in mind, the Court is declining to strike the prior conviction[.]  [M]otion to strike under *Romero* is denied."

## DISCUSSION

Defendant contends the trial court erred by denying his request to strike his strike. We disagree.

The three strikes law " 'establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court "conclud[es] that an exception to the scheme should be made because, for articulable reasons which can withstand scrutiny for abuse, this defendant should be treated as though he actually fell outside the Three Strikes scheme." ' [Citation.]" (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).)

A trial court may properly exercise its discretion to strike a defendant's prior strike or strikes under section 1385 only if it finds that "in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [three strikes] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

When a trial court declines to strike a prior strike, we review its decision for abuse of discretion.  (*Carmony, supra*, 33 Cal.4th at pp. 374-375.)  In the context of sentencing decisions, "a trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it."  (*Id.* at p. 377.)  Reversal is

6

justified where the court was unaware of its discretion to strike a prior strike, or refused to do so at least in part for impermissible reasons. (*Id.* at p. 378.) But where the court, aware of its discretion, " 'balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the . . . ruling, even if we might have ruled differently in the first instance' [citation]." (*Ibid.*)

Here, defendant does not argue that the trial court was unaware of its discretion or point to any impermissible reason given by the court for its ruling. Instead, he simply reiterates his claim that his failure to seek drug treatment at any time in the 25-plus years since his strike is somehow the fault of the criminal justice system, and that therefore he deserves no blame and should take no responsibility for his almost unbroken string of drug-related felonies and parole violations over more than a quarter of a century. He also repeats his unsupported characterization of the strike as an almost trivial offense, offering no more corroboration than before. Like the trial court, we are unpersuaded.

Defendant's reliance on *People v. Garcia* (1999) 20 Cal.4th 490 (*Garcia*) is misplaced. In *Garcia*, the high court, applying the abuse of discretion standard, upheld the trial court's decision to strike a prior conviction allegation with respect to one count but not another. The court noted that because the resulting sentence (31 years 4 months to life in state prison) was not lenient, "the Attorney General cannot claim the sentence is inconsistent with the purpose of the Three Strikes law." (*Id.* at p. 503.) But *Garcia* does not hold that a trial court would abuse its discretion by refusing to strike a strike merely because the court could have given the defendant a long sentence even without the strike. Furthermore, the sentence the trial court imposed here pursuant to defendant's plea agreement (10 years) was extremely lenient compared to his maximum exposure had he been convicted on all counts (33 years); thus defendant is poorly placed to complain that his sentence is excessively harsh.

Defendant's reliance on *In re Saldana* (1997) 57 Cal.App.4th 620 and *People v. Bishop* (1997) 56 Cal.App.4th 1245 is also unavailing. He cites *In re Saldana* and *Bishop*

7

generally, without pin citations, for the proposition: "Even when a defendant has an extensive record of serious of violent offenses, the minor or non-aggravated nature of the current offense is a powerful factor that can support dismissal of 'strike' priors." His failure to supply quotations or citations to any particular passage in these decisions renders his purported reliance on them illusory. But, more importantly, there is nothing "minor or non-aggravated" about defendant's current offense. Even disregarding the fact that he was caught possessing multiple drugs for sale, his storage of drugs and paraphernalia in a bedroom accessible to a child and housing the child's toys was an aggravating factor, as the trial court found.

Lastly, defendant cites no authority for his claim that a 25-plus-year history of drug-related crimes and parole violations, spurred by a polysubstance addiction for which he has never voluntarily sought treatment, puts him outside the spirit of the three strikes law, and we know of no authority that could support this claim.

### DISPOSITION

The judgment is affirmed.


      BLEASE      , Acting P. J.


We concur:


      NICHOLSON      , J.


      HULL      , J.

8