Filed 11/15/23  P. v. Farwell CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID BOWEN FARWELL,<br><br>    Defendant and Appellant. | A165090<br><br>(Sonoma County<br>Super. Ct. No. SCR-749027-1) |

Defendant David Bowen Farwell was convicted by a jury of assault by means likely to produce great bodily injury and resisting arrest, and the trial court found true the allegation that Farwell had suffered a prior strike conviction.  Farwell was sentenced to a total term of eight years in state prison.

On appeal, Farwell contends that the trial court abused its discretion in denying his motion to dismiss his prior strike conviction pursuant to Penal Code[1] section 1385 and *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).  He argues that the court erred by (1) failing to consider amendments to section 1385 enacted by Senate Bill No. 81 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) (Senate Bill 81); (2) improperly substituting its own assessment of Farwell's danger to public safety in place of the jury's

---

[1] All statutory references are to the Penal Code.

purported contrary finding; and (3) failing to consider relevant factors other than his criminal history.

We reject Farwell's argument that the Senate Bill 81 amendments to section 1385 apply in these circumstances and conclude that the trial court did not abuse its discretion in failing to dismiss Farwell's prior strike conviction. Accordingly, we affirm the judgment.

## BACKGROUND

Farwell was charged by amended information with assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)), elder abuse (§ 368, subd. (b)(1)), petty theft (§ 484, subd. (a)), and resisting arrest (§ 148, subd. (a)(1)). One strike prior was alleged pursuant to sections 667, subdivisions (d) and (e), and 1170.12, subdivisions (b) and (c). The information alleged multiple factors in aggravation but the jury was asked to make findings only on the following three: (1) the crime involved the threat of great bodily harm; (2) the crime involved acts showing a high degree of callousness; (3) defendant's violent conduct indicates a serious danger to society.

At trial evidence was presented establishing that Farwell kicked the 66-year-old victim in his chest and then punched the victim several times, causing the victim to fall to the ground, hit his head on the pavement and briefly lose consciousness. When officers arrived Farwell resisted arrest. The officers observed that Farwell was "screaming weird statements" and exhibiting signs of mental illness.

The jury found Farwell guilty of the assault and resisting arrest charges but not guilty of elder abuse and petty theft. The jury found true the aggravating factor that the crime involved the threat of great bodily injury, made no finding on the callousness of the crime and found not true the

allegation that Farwell's conduct indicates a serious danger to society. Farwell waived a jury trial on his strike prior and the court found it to be true.

In advance of the sentencing hearing, Farwell filed a *Romero* motion asking the court to exercise its discretion under section 1385 to dismiss his 2007 prior strike conviction. The district attorney opposed the motion. At the sentencing hearing, argument focused on whether Farwell would be suitable for substance abuse and mental health treatment in a community-based program and whether the aggravating sentencing factors outweighed the circumstances in mitigation. Ultimately, the court concluded that Farwell was not suitable for community-based treatment because, among other reasons, he "is very dangerous in the community." The court also found that the factors in aggravation outweighed the mitigating circumstances so that imposition of the upper-term sentence was appropriate. While the court did not make an express ruling on Farwell's *Romero* motion, the court implicitly denied the motion when it indicated that it was "denying probation based on the prior strike" and doubled, based on his strike prior, the four-year term imposed on Farwell's assault conviction. The court also imposed a concurrent one-year term on Farwell's misdemeanor conviction for resisting arrest.

Farwell timely filed a notice of appeal.

### DISCUSSION

Section 1385, subdivision (a), authorizes trial courts to dismiss an action "in furtherance of justice." (§ 1385, subd. (a).) In *Romero*, the California Supreme Court held that a trial court's discretion under section 1385, subdivision (a) includes the power to dismiss a prior conviction alleged under the "Three Strikes" law. (*Romero, supra*, 13 Cal.4th at

3

pp. 529–530.) Thus, section 1385, subdivision (a) allows a court to "strike or vacate an allegation or finding under the Three Strikes law that a defendant has previously been convicted of a serious and/or violent felony." (*People v. Williams* (1998) 17 Cal.4th 148, 158 (*Williams*).)

"[A] trial court's refusal or failure to dismiss or strike a prior conviction allegation under section 1385 is subject to review for abuse of discretion." (*People v. Carmony* (2004) 33 Cal.4th 367, 375; *In re Coley* (2012) 55 Cal.4th 524, 560 ["although a trial court is required to state on the record its reasons for striking a prior conviction [citation], there is no similar statutory requirement of an on-the-record statement of reasons when a court declines to strike a prior"].) " 'The burden is on the party attacking the sentence to clearly show that the sentencing decision was irrational or arbitrary . . . . In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review.' " (*People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977–978.) In the absence of an affirmative record to the contrary, the trial court is presumed to have considered all the factors relevant to deciding a *Romero* motion. (*People v. Myers* (1999) 69 Cal.App.4th 305, 310.)

### 1. Section 1385, subdivision (c) is not applicable.

Effective January 1, 2022, Senate Bill 81 amended section 1385 to add subdivision (c). (Stats. 2021, ch. 721, § 1.) The newly added subdivision lists specific mitigating factors a court must consider when deciding whether to strike an enhancement from a defendant's sentence in the interest of justice.

(§ 1385, subd. (c); *People v. Burke* (2023) 89 Cal.App.5th 237, 242–243 (*Burke*).)

As amended, section 1385, subdivision (c) states: "(1) Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the [enumerated] mitigating circumstances . . . are present. Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." Among the enumerated circumstances in section 1385, subdivision (c) are that the current offense is connected to mental illness (§ 1385, subd. (c)(2)(D)), and that the enhancement is based on a prior conviction that is over five years old. (*Id.*, subd. (c)(2)(H).)

Farwell acknowledges that in *Burke, supra,* 89 Cal.App.5th at page 244, a division of the Third District held that section 1385, subdivision (c) does not govern the court's exercise of discretion in ruling on a *Romero* motion. He argues, however, that the court in *Burke* interpreted "enhancement" as used in section 1385, subdivision (c) too narrowly and urges this court to reach a different conclusion. We decline to do so.

Farwell contends that because section 1385 does not define enhancement, this court should interpret the term based on its ordinary meaning. Citing the Cambridge Dictionary, he suggests that the ordinary definition of an enhancement is "an augmentation of something that serves to

5

raise it or increase its strength," under which the Three Strikes law would qualify as an enhancement. The Attorney General correctly notes, however, that "words used in a statute are presumed to be used in accordance with their established legal or technical meaning." (*People v. Carter* (1996) 48 Cal.App.4th 1536, 1540; see also *In re Friend* (2021) 11 Cal.5th 720, 730, [when a court has defined a term and the legislature subsequently uses the same term, there is almost an " 'irresistible' " presumption that the legislature intended to use this established definition].) In *Burke, supra*, 89 Cal.App.5th at page 243, the court observed that enhancements have a "well-established technical meaning in California law" as " ' "additional term[s] of imprisonment added to the base term." ' " The court explained further that it is "well established that the Three Strikes law is not an enhancement; it is an alternative sentencing scheme for the current offense." (*Ibid*.) Because we must presume that the Legislature was aware of both definitions, we agree with *Burke* that "section 1385, subdivision (c)'s provisions regarding enhancements do not apply to the Three Strikes law." (*Id*. at p. 244.)

> ### 2. *The court did not abuse its discretion in denying Farwell's* **Romero** *motion.*

As noted above, section 1385, subdivision (a), gives trial courts discretion to dismiss "prior felony conviction allegations in furtherance of justice." (*Romero, supra*, 13 Cal.4th at p. 530.) In making that determination, a trial court must balance the constitutional rights of defendants, including the right to avoid disproportionate punishment, against society's legitimate interest in the fair prosecution of properly charged crimes. (*Id*. at pp. 530–531.) In *Williams*, our Supreme Court held that when considering a *Romero* motion, the court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious

6

and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Williams*, *supra*, 17 Cal.4th at p. 161.)

Here, the court made several findings that support its decision not to dismiss Farwell's prior strike conviction. The court noted Farwell's "long history of criminal activity," including 15 criminal convictions in the last eight years, and the fact that he has not previously done well on probation. Farwell does not dispute the court's conclusion that he has "a long criminal history." Farwell also acknowledges that since his strike conviction in 2007, he has suffered, among other convictions, two felony theft convictions and a misdemeanor assault conviction. The probation report confirms that Farwell's criminal activity began as a juvenile and continued unabated through the present offenses. The report also indicates that Farwell violated his parole and/or probation repeatedly.

The trial court also found that Farwell "is very dangerous in the community." The court explained, "This was a random act of violence in a public setting which was moderately busy. There were people all around, and it wasn't something that was in an isolated area. This was out in public, and without showing any—there's no evidence he showed remorse that day. [¶] There's no evidence he attempted to render aid. He walked away and then, when pursued by law enforcement, ran out into a busy intersection, again endangering people. In the activity with the police, he spit in one of their faces, during the pandemic; and another police officer received an injury trying to detain him. [¶] And then we have seven reports from the jail that appear in the pre-sentence report, five of which he is described as mule-

7

kicking his cell door over what this Court finds are fairly trivial matters, and then two more instances where he lost control and became irate."

Despite the above, Farwell argues that the trial court abused its discretion in failing to dismiss his prior strike conviction. We disagree.

Farwell suggests the court improperly substituted its own assessment of Farwell's potential danger to public safety in place of the jury's purportedly contrary finding. But the jury did not find that Farwell did not pose a danger to public safety. It found that the prosecution had not established beyond a reasonable doubt that Farwell's conduct in connection with the offense of which he was convicted indicated a serious danger to society.[2] The jury's rejection of this finding precluded the court from relying on this factor in selecting the upper term sentence for Farwell's assault conviction. (§ 1170, subd. (b); Cal. Rules of Court, rule 4.421(b)(1)); *People v. Lewis* (2023) 88 Cal.App.5th 1125, 1139, review granted May 17, 2023, S279147.) The considerations that require a finding beyond a reasonable doubt by a jury before an aggravated term may be imposed do not apply in the context of a

---

[2] The prosecution's argument on this factor was as follows: "Defendant has engaged in violent conduct that indicates a serious danger to society. . . . [¶] This was a short trial, a short incident. Defendant was agitated, violent. We don't know why. Maybe drugs. Maybe mental health. We don't know. It doesn't matter. The point is he could have injured more than just John Doe. He could have injured the deputies. He could have injured anybody else. Had they not apprehended him, he might have harmed somebody else. He's exposing the community to danger. He engaged in violent conduct. That shows a serious . . . danger to society. [¶] Again, unprovoked. Attacks John Doe, knocks him unconscious with his force: This is a random act of violence. It's a danger to the community. So check that box." Defense counsel agreed that for purposes of the alleged factor in aggravation, the jury should focus on whether Farwell's conduct "on that day indicate[d] a substantial danger to society."

*Romero* motion. (See *People v. Murphy* (2004) 124 Cal.App.4th 859, 863 ["[w]hatever facts the trial court may have found in refusing to dismiss the prior strike finding under *Romero* did not increase defendant's sentence within the meaning of *Apprendi* (*v. New Jersey* (2000) 530 U.S. 466) and *Blakely* (*v. Washington*, 542 U.S. 296)"].) As set forth above, in deciding whether to dismiss Farwell's prior conviction for purposes of the Three Strikes law, the court was required to consider "the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects." (*Williams*, *supra*, 17 Cal.4th at p. 161.) In determining that Farwell poses a danger to the community, the court properly considered not just the present offense but also his lengthy criminal history and his conduct after his arrest.

Farwell also suggests that the court abused its discretion by focusing solely on his criminal history and failing to consider the "entire picture" in deciding whether he fell outside the spirit of the Three Strikes law. (*In re Saldana* (1997) 57 Cal.App.4th 620, 626 ["Considering only a defendant's criminal history is 'incompatible with the very nature of sentencing discretion; the entire picture must remain exposed' "].) The record does not support Farwell's argument. Farwell's counsel argued strenuously that the commission of the current offense was related to childhood trauma and Farwell's mental health issues. The trial court expressly noted that it considered the "information that [defense counsel] has given me" in determining that the factors in aggravation outweighed the circumstances in mitigation. We presume that the court considered the same information in declining to dismiss Farwell's strike prior. (See *People v. Myers, supra*, 69 Cal.App.4th at p. 310 ["fact that the court focused its explanatory

9

comments on the violence and potential violence of appellant's crimes does not mean that it considered only that factor"].)

Given Farwell's criminal history, violent conduct, and repeated failure on parole and probation, the trial court did not abuse its discretion in concluding that Farwell should be sentenced under the Three Strikes law.

**DISPOSITION**

The judgment is affirmed.

GOLDMAN, J.

WE CONCUR:

BROWN, P. J.
HIRAMOTO, J. [*]

---

[*] Judge of the Superior Court of California, County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.