Filed 4/26/22  P. v. Simmons CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>TORY MARQUISE SIMMONS,<br><br>  Defendant and Appellant. | F082781<br><br>(Super. Ct. No. F20907808)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Francine Zepeda, Judge.

Jared G. Coleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen, Stephanie A. Mitchell and Robert C. Nash, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*  Before Franson, Acting P. J., Snauffer, J. and DeSantos, J.

Defendant Tory Marquise Simmons contends on appeal that the trial court abused its discretion in denying his *Romero*[1] motion to dismiss a prior felony "strike" conviction within the meaning of the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).[2]

We also ordered the parties to submit supplemental briefing regarding the impact of Assembly Bill No. 1869 (2019–2020 Reg. Sess.) (Assembly Bill 1869), which eliminated many fines, fees, and assessments that courts have imposed under a variety of statutes, including former section 1203.1b, previously allowing collection of probation report fees. (Stats. 2020, ch. 92, § 47.) The People concede that defendant is entitled to the benefit of Assembly Bill 1869. We accept the People's concessions.

We vacate the portion of the judgment requiring payment of fees pursuant to former section 1203.1b. In all other respects, we affirm.

## PROCEDURAL SUMMARY

On November 10, 2020, the Fresno County District Attorney filed a felony complaint alleging defendant committed the following crimes: corporal injury to a spouse/cohabitant (§ 273.5, subd. (a); counts 1 & 5), criminal threats (§ 411; count 2), dissuading a witness by force or threat (§ 136.1, subd. (c)(1); count 3), false imprisonment by violence (§ 236; count 4), and child endangerment, a misdemeanor (§ 273a, subd. (b); count 6). It was further alleged that defendant had two prior strike convictions (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

On December 18, 2020, pursuant to a plea agreement, defendant pled no contest to count 1 and admitted one strike allegation in exchange for a maximum sentence of four years in prison and the dismissal of the remaining counts and allegations.

---

[1] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

[2] All statutory references are to the Penal Code unless otherwise stated.

2.

On May 7, 2021, defendant was sentenced to state prison for four years. On count 1, the midterm sentence of two years was imposed and then doubled in accordance with section 667, subdivision (e)(1), and section 1170.12, subdivision (c)(1). The trial court ordered restitution to the victim under section 1202.4, subdivision (f), and a probation report fee of $296 under former section 1203.1b.

On May 13, 2021, defendant filed a notice of appeal.

## FACTS

Defendant signed a change of plea form which stated the factual basis for his plea was pursuant to *People v. West* (1970) 3 Cal.3d 595. A *West* plea is "a plea of nolo contendere, not admitting a factual basis for the plea." (*In re Alvernaz* (1992) 2 Cal.4th 924, 932.)

According to defendant's probation report, defendant and CV[3] had been in a dating relationship for about four months. During the early morning hours of October 10, 2020, defendant violently attacked CV when she declined to have intercourse with him. He threw her out of bed by her hair, struck her on her right and left hips leaving a visible injury, struck her multiple times on the head, threatened to kill her, tried to prevent her from leaving the home, threw a kitchen knife at her, covered her mouth with a pillow, broke her phone, took her wallet and keys that belonged to CV's mother's car, and drove away in her mother's car. CV was granted an emergency protective order against defendant and had no further contact with him.

On November 6, 2020, defendant arrived unannounced at CV's home, where she was with her eight-year-old daughter, angry that she had reported the previous incident to police and had obtained the protective order against him. They began to argue, and defendant grabbed CV's cell phone, threatened to kill her, pushed CV's daughter when

---

[3] Defendant's victim will be referred to as "CV" (confidential victim).

she tried to call the police, threw CV's phone at the child, and struck the child on the chest. CV obtained another emergency protective order against defendant.

On November 7, 2020, defendant again arrived unannounced at CV's home, and kicked in the door, which struck CV in the face. He struck CV multiple times with a closed fist, primarily on her abdomen, as she tried to cover her daughter to protect her from being hit by defendant, but defendant still struck the child on the shoulder once.

## DISCUSSION

### I. *Romero* **Motion**

Defendant contends the trial court abused its discretion when it denied his *Romero* motion to dismiss his prior strike conviction. The People disagree. We agree with the People.

#### A. *Background*

As part of the plea agreement, defendant admitted that he had been convicted of a strike offense in 2013 for felon in possession of a firearm for the benefit of a criminal street gang. (§§ 29800, subd. (a)(1), 186.22, subd. (b)(1).)

On April 13, 2021, defendant invited the court by written motion to strike his 2013 felon in possession of a firearm for the benefit of a criminal street gang conviction pursuant to section 1385 and *Romero*, *supra*, 13 Cal.4th 497.

Defendant's motion requested the trial court exercise its discretion to dismiss his prior strike conviction. He argued that he fell outside the spirit of the Three Strikes law because (1) his strike conviction was remote in time; (2) his prior strike conviction was only a strike because it involved a "gang enhancement"; and (3) after his strike, he was no longer an active gang participant and had mentored youth in his community against getting involved in gang activity. At the hearing on defendant's motion, defense counsel reiterated the points set forth in defendant's written motion. She argued that defendant's offenses since the strike had decreased in seriousness, as they did not include a weapon or

4.

a gun. She also noted that the current offense was his first domestic violence offense, and that he had not yet had an opportunity to complete a batterer's intervention program.

The prosecutor argued that the trial court should deny defendant's motion because defendant's current offense involved separate incidents, which were violent and occurred in front of CV's eight-year-old daughter. She further pointed out that defendant had an adult history of violence and weapons charges, which showed that he did not fall outside the spirit of the Three Strikes law even though his strike offense was almost 10 years old.

The trial court considered the probation report, which listed his prior criminal history, including the 2013 strike and three other offenses committed in the period between his prior strike conviction and the current offenses.

The trial court then denied defendant's *Romero* motion, concluding that (1) the strike conviction was almost 10 years old, but involved a gang enhancement, and (2) since defendant's 2013 strike conviction, he had committed other criminal offenses. The trial court stated,

> "Okay. I did receive a motion by—and, [defense counsel], has also argued a motion to *Romero* the strike pursuant to the case of the same name. One strike was not admitted by [defendant]. That was the one from 2008. This one is from 2012[4] case. The Court will not *Romero* the strike. I have looked at [defendant]'s history. It has quite a few—it is almost 10 years old, but it's a strike offense because there was possession of a firearm with a gang enhancement. There is other criminal activity. The Court does not believe that under those circumstances, it's going to *Romero* the strike. So I will deny that request."

The trial court considered the probation report recommendation of sentencing defendant to six years in prison. However, the trial court declined to follow its recommendation and instead sentenced him according to his plea agreement, imposing the mitigated term of two years, doubled to four years, based on the prior strike conviction.

---

[4]    Defendant's prior strike conviction was in 2013, but the offense occurred in 2012.

5.

***B.***     ***Law***

The intent of the Three Strikes law is " 'to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses.' " (*People v. Strong* (2001) 87 Cal.App.4th 328, 337, fn. omitted (*Strong*).) The Three Strikes law establishes a sentencing norm for longer sentences for repeat offenders and "carefully circumscribes the trial court's power to depart from this norm," requiring the trial court to explicitly justify its decision to depart from this norm. (*People v. Carmony* (2004) 33 Cal.4th 367, 378 (*Carmony*).) "In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*Ibid.*)

However, under the Three Strikes sentencing scheme the trial court retains jurisdiction to dismiss or strike one or more of a defendant's prior strike convictions, "subject, however, to strict compliance with the provisions of section 1385 and to review for abuse of discretion." (*Romero*, *supra*, 13 Cal.4th 497 at p. 504.)

Section 1385 grants trial courts limited discretion to strike prior strike conviction allegations. (§ 1385; *Romero*, *supra*, 13 Cal.4th at p. 530.) The lower court must determine whether "in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [Three Strikes] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161; see *Strong*, *supra*, 87 Cal.App.4th at p. 336 [The "spirit" of a law refers to the general meaning or purpose of the law.].)

Discretion is abused if a court dismisses a prior strike conviction for judicial convenience, to relieve court congestion, or simply because the defendant pled guilty. (*Romero*, *supra*, 13 Cal.4th 497 at p. 531.) "[A] [trial] court [would not act] properly if 'guided solely by a personal antipathy for the effect that the three strikes law would have

6.

on [a] defendant ….' " (*Ibid*.)  Additionally, considering the defendant's criminal history alone is " 'incompatible with the very nature of sentencing discretion ….' " (*In re Saldana* (1997) 57 Cal.App.4th 620, 626; *People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 981.)

However, the extent of a defendant's criminal record is " 'undeniably relevant' " to the factors outlined in *Williams*, and the defendant's sentence is the overarching consideration when deciding to strike a prior conviction allegation "because the underlying purpose of striking prior conviction allegations is the avoidance of unjust sentences." (*People v. Garcia* (1999) 20 Cal.4th 490, 498, 500–501.)  The sentence imposed by the trial court is, also, itself, a factor when deciding a defendant's prospects for committing future crimes because the defendant will have fewer opportunities to commit crimes while incarcerated.  (*People v. Gaston* (1999) 74 Cal.App.4th 310, 315.  Accordingly,

> " '[W]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance.' [Citation.]  Because the circumstances must be 'extraordinary … by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record, the continuation of which the law was meant to attack' [citation], the circumstances where no reasonable people could disagree that the criminal falls outside the spirit of the three strikes scheme must be even more extraordinary." (*Carmony*, *supra*, 33 Cal.4th at p. 378.)

On review, the trial court's denial of the motion is strongly presumed to be a proper exercise of discretion.  (*Carmony*, *supra*, 33 Cal.4th at p. 378.)  It is the defendant's burden to provide the trial court with evidence to support his *Romero* motion. (*People v. Lee* (2008) 161 Cal.App.4th 124, 129.)  "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, at p. 377.)

7.

*C.     Analysis*

Here, the trial court explicitly considered the seriousness of defendant's prior strike and his history of reoffending. It explained that, although defendant committed the prior strike almost 10 years before, he had reoffended multiple times since then. The trial court's discussion of the proper considerations, along with the presumption that denial of a *Romero* motion is a proper exercise of discretion (*Carmony*, *supra*, 33 Cal.4th at p. 378), convince us that the trial court's denial of defendant's motion was not an abuse of discretion. The trial court's decision was not "so irrational or arbitrary that no reasonable person could agree with it." (*Id*. at p. 377.) As we explain below, defendant's arguments to the contrary do not persuade us.

Defendant first argues that the trial court failed to consider the remoteness of the strike and that defendant has what he contends is a limited criminal record unrelated to gang activity since the strike offense was committed.[5] However, "[i]n determining whether a prior conviction is remote, the trial court should not simply consult the Gregorian calendar with blinders on." (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813; see *People v. Solis* (2015) 232 Cal.App.4th 1108, 1124 [a prior strike conviction is not properly stricken merely because it is 30 years old].) "To be sure, a prior conviction may be stricken if it is remote in time. In criminal law parlance, this is sometimes referred to as 'washing out.' [Citations.] The phrase is apt because it carries the connotation of a crime-free cleansing period of rehabilitation after a defendant has had the opportunity to reflect upon the error of his or her ways." (*Humphrey*, at p. 813.) Here, defendant did not live a legally blameless life after his prior strike conviction. Although defendant's strike occurred almost 10 years before the offense at issue here, defendant's probation for that offense was revoked less than two years later, in 2015,

---

[5]     In the heading of defendant's opening brief argument, defendant refers to his strike conviction as a "prior juvenile strike adjudication." Defendant was 22 years old when he was convicted in criminal court of the strike offense at issue here.

because he committed a new offense and was convicted of driving under the influence causing great bodily injury to another person and sentenced to prison. In 2016, he was released on postrelease community supervision ("PRCS"), but in 2017, he was convicted of grand theft and again sentenced to prison. He was again released on PRCS in 2020, but six months later, committed the offenses at issue here. As the trial court stated, "I have looked at [defendant]'s history. It has quite a few–[the strike conviction] is almost 10 years old, but it's a strike offense because there was possession of a firearm with a gang enhancement. There is other criminal activity." Thus, defendant's prior strike conviction was not so remote that he fell outside the spirit of Three Strikes law.

Defendant also contends the trial court should have taken into account that the current offense was defendant's first domestic violence offense and was unrelated to the prior strike when ruling on his *Romero* motion, as it did not involve a firearm or gang activity. He further argues that the strike was only a strike because of the gang enhancement, but he is no longer involved in gangs and instead mentors youth in his community against gang involvement. We agree with the trial court that it does not matter that defendant's current offense did not involve a firearm or gang activity. "[T]he Three Strikes law was devised for the 'revolving door career criminal,' and was expressly intended 'to ensure longer prison sentences … for those who commit a felony' as long as they were previously convicted of at least one strike." (*Strong*, *supra*, 87 Cal.App.4th at pp. 331–332, fns. omitted.)

The trial court did not abuse its discretion in denying defendant's *Romero* motion to dismiss his previous strike. Defendant has not presented affirmative evidence that his case was so " 'extraordinary' " as to require the dismissal of his prior strike, and that the trial court's decision not to dismiss his prior strike was irrational or arbitrary. (See *Carmony*, *supra*, 33 Cal.4th at pp. 378–379.)

## 1.    Assembly Bill 1869

Next, operative July 1, 2021, Assembly Bill 1869 eliminated many fines, fees, and assessments that courts have imposed under a variety of statutes, including former section 1203.1b, previously allowing collection of probation report fees.  (Stats. 2020, ch. 92, § 47.)  Here, the parties agree, as do we, that any unpaid portion of the probation report fees ordered pursuant to former section 1203.1b are uncollectable and unenforceable as of July 1, 2021.  (§ 1465.9, subd. (a); Gov. Code, § 6111, subd. (a).)

We therefore vacate the portion of the judgment requiring payment of fees pursuant to former section 1203.1b.  Any portion of those fees not collected before July 1, 2021, is unenforceable and uncollectable.

## DISPOSITION

The portion of the judgment imposing fees pursuant to former section 1203.1b is vacated.  In all other respects, we affirm.