Filed 4/28/22  P. v. Terrell CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>NOLAN TANNER TERRELL,<br><br>    Defendant and Appellant. | F081782<br><br>(Super. Ct. Nos. F19905005,<br>F18907484)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Francine Zepeda, Judge.

Francine R. Tone, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary, Jennifer Oleksa and Kari Mueller, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]        Before Levy, Acting P. J., Smith, J. and DeSantos, J.

Defendant Nolan Tanner Terrell contends on appeal that (1) the trial court abused its discretion in denying his *Romero*[1] motion to dismiss a prior felony "strike" conviction within the meaning of the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d));[2] and (2) his sentence on count 1 in case No. F19905005 must be vacated and his case remanded for resentencing in light of Senate Bill No. 567's (2021–2022 Reg. Sess.) (Senate Bill 567) amendments to section 1170, subdivision (b). We vacate defendant's sentence and remand for resentencing in light of amended section 1170, subdivision (b). In all other respects, we affirm.

## PROCEDURAL SUMMARY

### Case No. F18907484

On November 1, 2018, the Fresno County District Attorney filed a complaint in case No. F18907484 charging defendant with corporal injury to a cohabitant with a prior (§ 273.5, subd. (f)(1); count 1) and assault by means likely to produce great bodily injury (§ 245, subd. (a)(4); count 2). Defendant pled no contest to count 1. In exchange, the People dismissed count 2. Defendant was sentenced to 365 days in custody at the Fresno County jail. Defendant was subsequently sentenced to five years in prison for a violation of probation to be served concurrently with case No. F19905005.

### Case No. F19905005

On January 7, 2020, the Fresno County District Attorney filed an amended complaint in case No. F19905005 charging defendant with two counts of corporal injury to a cohabitant with a prior (§ 273.5, subd. (f)(1); counts 1 & 6), dissuading a witness from testifying (§ 136.1, subd. (a)(1); count 2), and four counts of contempt of court in a pending case (§ 166, subd. (c)(1); counts 3–5 & 7). It was also alleged that defendant had a prior strike conviction (§§ 667, subds. (b)–(i), 1170.12,

---

[1] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

[2] All statutory references are to the Penal Code unless otherwise noted.

2.

subds. (a)–(d)).  Defendant pled no contest to counts 1 and 2 and admitted the prior strike and prior domestic violence conviction allegations; in exchange, the People dismissed the remaining counts.  At sentencing, the court denied defendant's *Romero* motion and sentenced defendant to 14 years in state prison.

On October 6, 2020, defendant filed a notice of appeal.  On March 1, 2021, we granted defendant's motion to construe the notice of appeal to include case No. F18907484.

## FACTS[3]

In case No. F18907484, defendant's girlfriend, CV,[4] reported a domestic violence incident, where defendant became angry because she was ignoring him speaking to her while she attempted to sleep.  When CV asked defendant to stop speaking, defendant got on top of her and placed his hands on her throat, causing her to be unable to breath.  She felt as if she was going to die.  Defendant let go of CV when he saw that CV was bleeding from her lips.  CV sustained visible injuries, including a red mark on her neck, a swollen red lip, and a swollen right pinky finger.  When questioned by officers, defendant denied a physical altercation occurred.  Defendant was later arrested in connection with this incident.

In case No. F19905005, defendant contacted CV multiple times over the course of several months, in violation of a criminal protective order that was in place from case No. F18902484.  Defendant harassed and physically assaulted CV on multiple occasions.  He threatened to go to her home and break items in her house; he insulted, pushed, head-butted, kicked, kneed, and chased her around the home and would not allow her to leave; he caused her to fall to the floor twice; and he grabbed her arms and held her down

---

**3**     Because there was no jury trial in this case, the statement of facts for each case is based on the probation officer's report.

**4**     Defendant's girlfriend will be referred to as "CV" (confidential victim).

before walking out of the room as he stated that she was " 'weak and would not call the police.' " Injuries that CV sustained from these incidents included bruises on her right upper arm and forearm, right elbow, right thigh, left upper arm and forearm, scratches to her mid-back, and a laceration between her eyebrows.

Defendant was subsequently arrested. Once again, defendant denied any altercations with CV had occurred. After his arrest, defendant sent a letter to his mother from the Fresno County jail asking her to tell CV not to testify or go to court, and to say that CV was lying.

## DISCUSSION

### I. *Romero* Motion

Defendant contends the trial court abused its discretion when it denied his *Romero* motion to dismiss his prior strike conviction. The People disagree. We agree with the People.

#### A. *Background*

As part of the plea agreement, defendant admitted he had been convicted of a strike offense in 2011, for felony first degree burglary of an inhabited dwelling. (§§ 459, 460, subd. (a).) On August 11, 2020, defendant invited the court by oral motion to strike his 2011 prior strike conviction pursuant to section 1385 and *Romero*, *supra*, 13 Cal.4th 497.

The trial court denied defendant's *Romero* motion, concluding that the strike conviction was not remote in time considering his extensive criminal history both before and after his prior strike offense, including multiple domestic violence offenses; that his offenses had been consistently increasing in seriousness from misdemeanors to his 2011 felony prior strike conviction for first degree burglary of an inhabited dwelling, which it considered to be a very serious offense, calling it "violent"; his subsequent domestic violence offense after the prior strike conviction, including his felony domestic violence offenses in the related case No. F18907484, culminating in the circumstances of the

4.

present felony domestic violence offense; that he had violated felony probation in case No. F18907484; and that he had been given the opportunity to go to a treatment program, but failed to attend.

**B.** *Law*

The intent of the Three Strikes law is " 'to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses.' " (*People v. Strong* (2001) 87 Cal.App.4th 328, 337, fn. omitted (*Strong*).) The Three Strikes law establishes a sentencing norm for longer sentences for repeat offenders and "carefully circumscribes the trial court's power to depart from this norm," requiring the trial court to explicitly justify its decision to depart from it. (*People v. Carmony* (2004) 33 Cal.4th 367, 378 (*Carmony*).) "In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*Ibid.*) "[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Id.* at p. 377.)

When exercising its limited discretion to dismiss a prior strike conviction, the trial court must look at the totality of the circumstances to determine whether the person falls outside the spirit of the Three Strikes law. (*In re Saldana* (1997) 57 Cal.App.4th 620, 626; see *Strong*, *supra*, 87 Cal.App.4th at p. 336 [The "spirit" of a law refers to the general meaning or purpose of the law.].) It must determine whether "in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [Three Strikes] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) The extent of a defendant's criminal record is " 'undeniably relevant' " to the factors outlined in *Williams*. (*People v. Garcia* (1999) 20 Cal.4th 490,

500–501.)  The sentence imposed by the trial court is, also, itself a factor when deciding a defendant's prospects for committing future crimes because the defendant will have fewer opportunities to commit crimes while incarcerated.  (*People v. Gaston* (1999) 74 Cal.App.4th 310, 315.)

It is the defendant's burden to provide the trial court with evidence to support his *Romero* motion.  (*People v. Lee* (2008) 161 Cal.App.4th 124, 129.)

### C. *Analysis*

The trial court did not abuse its discretion in denying defendant's *Romero* motion to dismiss his 2011 prior strike conviction.  Based on the record before the trial court at the time of its ruling, its denial of defendant's motion is "not so irrational or arbitrary that no reasonable person could agree with it."  (See *Carmony*, *supra*, 33 Cal.4th at p. 377.)  The trial court clearly considered the "the entire picture" when denying defendant's motion to dismiss his prior strike and defendant falls squarely within the spirit of the Three Strikes law " 'to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses.' "  (See *Strong*, *supra*, 87 Cal.App.4th at p. 337, fn. omitted; see *People v. Alvarez* (1997) 14 Cal.4th 968, 975.)

The trial court was not required to explicitly state its reasons for denying defendant's motion.  (See *Carmony*, *supra*, 33 Cal.4th at p. 378.)  However, it did discuss defendant's " 'present felonies and prior serious and/or violent felony convictions,' " and the particulars of his " 'background, character, and prospects,' " which weighed against dismissing defendant's 2011 prior strike conviction.  (See *Carmony*, at p. 377.)  The trial court outlined the factors that it considered from the record before it at the time of the motion, such as defendant's probation report detailing defendant's extensive criminal history, which included numerous domestic violence offenses against both CV and other victims, both before and after his 2011 prior strike conviction; the increasing seriousness

6.

of his offenses; his violation of felony probation in case No. F18907484; and his failure to avail himself of the treatment program he was directed by the trial court to attend.

Defendant's probation report considered by the trial court showed that defendant had numerous criminal convictions: disorderly conduct (§ 647, subd. (f)) in 2005; vandalism and possession/manufacture/sale of dangerous weapons (§§ 594, subd. (b)(2)(a), 12020) in 2007; driving under the influence of alcohol/drugs (Veh. Code, § 23152, subd. (a)) in 2007; driving while license suspended/revoked and speed in excess of 55 m.p.h. maximum (Veh. Code, §§ 14601.2, subd. (a), 22349, subd. (b)) in 2008; driving while license suspended/revoked (Veh. Code, § 14601.1, subd. (a)) in 2008; battery on a spouse/cohabitant (§ 243, subd. (e)(1)) in 2009; driving while license suspended/revoked (Veh. Code, § 14601.1, subd. (a)) in 2009; corporal injury of a spouse/cohabitant (§ 273.5, subd. (a)) in 2011; battery on a spouse/cohabitant (§ 243, subd. (e)(1)) in 2011; his prior strike conviction for felony first degree burglary of an inhabited dwelling (§§ 459, 460, subd. (a)) in 2011; vandalism, attempt to dissuade a witness, terrorist threats, assault with force and possible great bodily injury, and corporal injury of a spouse/cohabitant (§§ 594, subd. (b)(2)(a), 136.1, subd. (b)(1), 422, 245, subd. (a)(4), 273.5, subd. (a)) in 2012; driving under the influence of alcohol over 0.08 percent (Veh. Code, § 23152, subd. (b)) in 2017; as well as the offenses for which defendant violated his felony probation in case No. F18907484.

The record before the trial court did not indicate whether there was another person present during defendant's first degree burglary of an inhabited dwelling for which he received his 2011 prior strike conviction, such that it could be classified as "violent" as the trial court misstated when it outlined its reasons for denying defendant's *Romero* motion. However, we need not address this argument by defendant because the totality of circumstances considered by the trial court, discussed above, overwhelmingly support the trial court's ruling that defendant falls squarely within the spirit of the Three Strikes law. Defendant's criminal record and other factors relied upon by the trial court strongly

7.

support the trial court's denial of defendant's *Romero* motion when considering the entire picture.

Defendant also argues that the trial court improperly found that his prior strike conviction was not sufficiently remote in time to be dismissed. However, "[i]n determining whether a prior conviction is remote, the trial court should not simply consult the Gregorian calendar with blinders on." (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813; see *People v. Solis* (2015) 232 Cal.App.4th 1108, 1124 [a prior strike conviction is not properly stricken merely because it is 30 years old].) "To be sure, a prior conviction may be stricken if it is remote in time. In criminal law parlance, this is sometimes referred to as 'washing out.' [Citations.] The phrase is apt because it carries the connotation of a crime-free cleansing period of rehabilitation after a defendant has had the opportunity to reflect upon the error of his or her ways." (*Humphrey*, at p. 813.) Here, defendant did not live a legally blameless life either before or after his prior strike conviction. The trial court noted that throughout defendant's criminal career, he had "eight or nine" domestic violence convictions, both against CV and other victims, as well as another conviction for dissuading his domestic violence victim from testifying as a witness against him. Three of his convictions were in the interim period between the 2011 prior strike conviction and the current offenses. The trial court also noted that his offenses had increased in seriousness over time, from misdemeanors before his 2011 prior strike conviction, up to the most recent felony offenses at issue here. Thus, defendant's prior strike conviction is not so remote that he falls outside the spirit of Three Strikes law.

The trial court's reliance on these factors, along with the presumption that denial of a *Romero* motion is a proper exercise of discretion, convince us that, when looking at the entire picture, the trial court's denial of defendant's motion was not an abuse of discretion. (See *Carmony*, *supra*, 33 Cal.4th at p. 378). The trial court's decision was not "so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*,

at p. 377.)  Defendant falls squarely within the spirit of the Three Strikes law.  (See *Williams*, *supra*, 17 Cal.4th at p. 161; *Strong*, *supra*, 87 Cal.App.4th at p. 336.)

## II.  Senate Bill 567

Defendant contends the trial court's sentence to the upper term on count 1 in case No. F19905005 should be vacated and remanded in light of Senate Bill 567's amendments to section 1170, subdivision (b).  The People argue that although Senate Bill 567's amendments to section 1170, subdivision (b), apply here, vacating defendant's sentence and remanding the case for resentencing is unnecessary because the trial court relied on defendant's prior criminal history, in accordance with section 1170, subdivision (b)(3), in imposing the upper term on count 1 in case No. F19905005.  We remand defendant's case for resentencing.

### A.  *Background*

In case No. F19905005, the trial court sentenced defendant to the upper term of five years.  In case No. F18907484, defendant was sentenced to the middle term of two years.  Both sentences were doubled as a result of defendant's 2011 prior strike conviction, resulting in an aggregate sentence of 14 years.

Defendant admitted one prior strike offense, first degree burglary of an inhabited dwelling, from 2011.  At the time of the plea, no factual basis was stated on the record.  There was no preliminary hearing held from which a factual basis could be made.  The following exchange occurred:

> "THE COURT:  Factual basis?

> "[DEFENSE COUNSEL]:  By defense.

> "[THE PEOPLE]:  By the People, Judge."

The facts supporting this conviction are found only in the probation report, which summarizes facts from a police report.  There are no statements made by defendant.

9.

Defendant also admitted a prior domestic violence conviction. The facts supporting this conviction are found in the probation report, which summarizes facts from a police report. The only statement made by defendant which was reported in the probation report was: " 'Since they are recommending a treatment program, I would like to attend West Care because that program really helped me. I heard the facility is closing soon, so if I can do three months inpatient and the remainder on outpatient.' "

The probation report for case No. F19905005 considered by the trial court also showed that defendant had numerous criminal convictions: disorderly conduct (§ 647, subd. (f)) in 2005; vandalism and possession/manufacture/sale of dangerous weapons (§§ 594, subd. (b)(2)(a), 12020) in 2007; driving under the influence of alcohol/drugs (Veh. Code, § 23152, subd. (a)) in 2007; driving while license suspended/revoked and speed in excess of 55 m.p.h. maximum (Veh. Code, §§ 14601.2, subd. (a), 22349, subd. (b)) in 2008; driving while license suspended/revoked (Veh. Code, § 14601.1, subd. (a)) in 2008; battery on a spouse/cohabitant (§ 243, subd. (e)(1)) in 2009; driving while license suspended/revoked (Veh. Code, § 14601.1, subd. (a)) in 2009; corporal injury of a spouse/cohabitant (§ 273.5, subd. (a)) in 2011; battery on a spouse/cohabitant, (§ 243, subd. (e)(1)) in 2011; his prior strike conviction for felony first degree burglary of an inhabited dwelling (§§ 459, 460, subd. (a)) in 2011; vandalism, attempt to dissuade a witness, terrorist threats, assault with force and possible great bodily injury, and corporal injury of a spouse/cohabitant (§§ 594, subd. (b)(2)(a), 136.1, subd. (b)(1), 422, 245, subd. (a)(4), 273.5, subd. (a)) in 2012; driving under the influence of alcohol over 0.08 percent (Veh. Code, § 23152, subd. (b)) in 2017; as well as the offenses for which defendant violated his felony probation in case No. F18907484.

The trial court sentenced defendant to the upper term on count 1 in case No. F19905005, citing defendant's criminal history as a factor in aggravation. The trial court stated:

"Additionally, it's a crime of violence. [¶] … [¶]

"Okay. I'm looking at his record. He has eight or nine domestic violence cases. Initially they were misdemeanors, but I think he kept getting more and more cases. [Defendant's prior strike conviction in] 2011 is a [section] 459/460[, subdivision (a) first degree burglary of an inhabited dwelling]. Violent case. … I consider that offense to be aggravated and it's considered a crime of violence. So the fact that he admitted that, I am going to double any term I give him by that."

"He has another case where he did—is that the case I think I have in front of me, also a violation case where he also has a case there. He has been given opportunities to not only go to a program, West Care, get some assistance there, and he hasn't availed himself of that. I just find that, and I don't often find that I should give an aggravated term, but I find that in this case I should. That is what I'm going to impose."

**B.     *Law***

On October 8, 2021, Senate Bill 567 was signed into law. It amends the determinate sentencing law, section 1170, subdivision (b), which delineates the trial court's authority to impose one of three statutory terms of imprisonment, known as the lower, middle, or upper terms, by making the middle term the presumptive sentence for a term of imprisonment, unless certain circumstances exist. (See Stats. 2021, ch. 731, § 1.3, adding § 1170, subd. (b)(1), (2).) Effective January 1, 2022, under the newly amended law, the trial court may impose an upper term sentence only where there are circumstances in aggravation, and the facts underlying all of the aggravating circumstances have been stipulated to by the defendant or found true beyond a reasonable doubt by a jury or court trial. (*Ibid*.) However, under section 1170, subdivision (b)(3), the trial court,

"may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

Under amended section 1170, subdivision (b)(5), the trial court must "set forth on the record the facts and reasons for choosing the sentence imposed. The court may not

11.

impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law." (§ 1170, subd. (b)(5).)

### C. *Analyis*

Senate Bill 567 went into effect on January 1, 2022. Absent evidence to the contrary, the Legislature intends amendments to statutes that reduce the punishment for a particular crime to apply to all defendants whose judgments are not yet final on the amendment's operative date. (*People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 307–308 [discussing *In re Estrada* (1965) 63 Cal.2d 740]; *People v. Brown* (2012) 54 Cal.4th 314, 323.) The "consideration of paramount importance" is whether the amendment lessens punishment. (*Estrada*, at p. 744.) If so, the "inevitable inference [is] that the Legislature must have intended that the new statute" apply retroactively. (*Estrada*, at p. 745.) As Senate Bill 567's amendments to section 1170, subdivision (b), lessen punishment, and there is no indication that the Legislature intended it to apply prospectively only, the new law must be retroactively applied. Therefore, the amendment to section 1170, subdivision (b), applies to all cases not final on Senate Bill 567's effective date. (*Estrada*, at pp. 745–746; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.)

As defendant contends, defendant's case was not final on January 1, 2022, and he was sentenced to the upper term on count 1 in case No. F19905005 under the former section 1170. We agree. Defendant is entitled to the benefit of Senate Bill 567.

Here, defendant's sentence to the upper term on count 1 in case No. F19905005 by the trial court is not consistent with the requirements of Senate Bill 567's amendment to section 1170, subdivision (b), because the record does not reflect that the trial court relied upon certified records of defendant's prior convictions, and because the trial court considered factors outside the records of conviction that were not admitted by defendant or proved beyond a reasonable doubt.

The trial court clearly considered defendant's criminal history as a factor in favor of sentencing defendant to the upper term for count 1 in case No. F19905005. When it determined that it was sentencing defendant to the upper term, the trial court stated, "I'm looking at his record. He has eight or nine domestic violence cases. Initially they were misdemeanors, but I think he kept getting more and more cases. [Defendant's prior strike conviction in] 2011 is a [section] 459/460[, subdivision (a) first degree burglary of an inhabited dwelling.] … So the fact that he admitted that, I am going to double any term I give him by that." Under amended section 1170, subdivision (b)(3), a trial court may only consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury. (§ 1170, subd. (b)(3).) If the prior convictions are not included in the record in a certified record of conviction, then they must be proven by a jury. (*Ibid*.) In this case, the trial court relied on neither, but only on the probation report summarizing defendant's criminal history.

The trial court's statement also shows that it relied on the probation report not only for defendant's criminal history, but also to prove the facts underlying defendant's prior convictions. However, under amended section 1170, subdivision (b), the facts underlying all aggravating circumstances must be stipulated to by the defendant or found true beyond a reasonable doubt by a jury or court trial. (§ 1170, subd. (b)(2).) Here, they were not. The underlying facts of defendant's prior convictions were contained only in the probation report, which summarizes facts from a police report.

The trial court relied not only on defendant's criminal history, but also other factors, as discussed above, when imposing the upper term on count 1 in case No. F19905005. As the record does not reflect that the trial court considered a certified record of his prior convictions and there was no jury or court trial to prove the underlying facts upon which the trial court also stated that it relied, we must vacate defendant's

13.

sentence and remand for resentencing in light of section 1170, subdivision (b).  We express no opinion on how the trial court should rule.

## **<u>DISPOSITION</u>**

The sentence is vacated and the matter is remanded for resentencing in light of amended section 1170, subdivision (b).