Filed 1/9/23 P. v. Williams CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>BRAD CONRAD WILLIAMS,<br><br>  Defendant and Appellant. | F082921, F082922<br><br>(Super. Ct. Nos. BF183713A,<br>BF179936A)<br><br>**OPINION** |

## THE COURT[*][†]

APPEAL from a judgment of the Superior Court of Kern County. Gregory A. Pulskamp, Judge.

Denise M. Rudasill, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael A. Canzoneri and David A. Lowe, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Franson, J. and DeSantos, J.

[†]    Judge Colette M. Humphrey presided over the initial plea and sentencing hearing in case No. BF179936A. Judge Gregory A. Pulskamp presided over the probation revocation and sentencing hearing in case Nos. BF183713A and BF179936A.

Defendant Brad Conrad Williams contends on appeal that (1) the trial court abused its discretion in denying his *Romero*[1] motion to dismiss a prior felony "strike" conviction within the meaning of the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d));[2] and (2) that his sentence in case No. BF179936A must be vacated and his case remanded for resentencing in light of Senate Bill No. 567's (2021–2022 Reg. Sess.) (Senate Bill 567) amendments to section 1170, subdivision (b). We affirm.

## PROCEDURAL SUMMARY

On February 13, 2020, in case No. BF179936A, defendant pled no contest to a felony violation of section 290.015 (failure to register as a sex offender) and admitted a prior strike conviction, pursuant to a written plea agreement, under which defendant would be sentenced to three years of formal probation, the first year of which was to be served in county jail, and his prior strike would be dismissed.

On March 13, 2020, pursuant to the terms of the plea agreement, the trial court in case No. BF179936A, dismissed the prior strike and placed defendant on formal probation for three years, with a condition that he serve the first year of probation in county jail.

On February 18, 2021, the Kern County District Attorney filed an information in case No. BF183713A, charging defendant with failing to register as a sex offender (§ 290.015; count 1). It was further alleged that defendant had suffered a prior strike conviction.

On May 14, 2021, a jury in case No. BF183713A found defendant guilty on count 1 (§ 290.015). The trial court found defendant's prior strike conviction allegation true.

---

[1]   *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

[2]   All statutory references are to the Penal Code.

2.

On June 10, 2021, the trial court found a probation violation allegation against defendant in case No. BF179936A to be true, based upon the evidence presented on defendant's charge of failure to register in case No. BF183713A. The trial court revoked defendant's probation in case No. BF179936A. The same day, the trial court denied defendant's *Romero* motion in case No. BF183713A.

The trial court sentenced defendant to a state prison term of four years, as follows: on count 1 (§ 290.015) in case No. BF183713A, four years (the middle term, doubled due to the prior strike conviction), and in case No. BF179936A, three years (the upper term, concurrent).

On the same day, defendant filed a timely notice to appeal.

## FACTUAL SUMMARY

In 2011, defendant was convicted of a misdemeanor violation of section 314.1, which qualified defendant for registration as a sexual offender.

At trial in case No. BF183713A, the jury concluded that defendant had failed to register as a sex offender upon his release from incarceration in violation of section 290.015.[3]

## DISCUSSION

I.    *Romero* **Motion**

Defendant contends the trial court abused its discretion when it denied his *Romero* motion to dismiss his prior strike conviction. The People disagree. We agree with the People.

### A.    *Background*

Prior to sentencing, defendant filed a *Romero* motion requesting his prior strike conviction be stricken in the interests of justice, pursuant to section 1385. The prior strike was for a 2015 conviction for criminal threats (§ 422). In support, defendant

---

[3]    The parties also stipulated that defendant had suffered two felony convictions for violating section 290.015.

argued that the prior strike conviction was almost seven years old; that aside from the strike conviction, his criminal history consisted of relatively minor offenses; that his registration qualifying offense was a misdemeanor; that a grant of relief would still expose him to a prison term of sufficient length; and that his inability to comply with his registration requirement has been hampered by substance and mental health issues, among other things.

The People argued that defendant did not fall outside the Three Strikes sentencing scheme, given defendant's demonstrated inability to comply with the law and his otherwise lengthy criminal history.

During the hearing on defendant's *Romero* motion, the trial court acknowledged it had read and considered defendant's moving papers and the People's opposition. Defense counsel reiterated defendant's argument that defendant's criminal history consisted primarily of minor offenses and that the instant offense was not, in itself, a serious or violent felony. The prosecutor once again focused on defendant's recidivism.

The trial court stated:

> "I do find that there's several significant factors in the Court's mind. Number one is that the defendant has a very long list of prior convictions as an adult and they go back two to three decades. I think it's about 25 years of a long series of felony and misdemeanor convictions.[4] And it's also, I think, very significant to note that not only did the defendant have those convictions but when he was placed on probation or parole, he very frequently violated the terms and conditions of the probation or parole, and there's really too many instances to even list, but it happened many, many times or it was an unsatisfactory performance on probation or parole. In fact, the defendant was actually on felony probation and parole at the time of the underlying crime that he was convicted of in this case and I'll also find the defendant has served four separate prior prison terms. So for that

---

**4** The probation report documented defendant's criminal history, which dated back to 1995 and consisted of 15 misdemeanor convictions, seven felony convictions, four prison terms, and numerous probation and parole violations.

4.

reason I don't think it is appropriate to strike the strike in this case and I will deny the defense motion."

### B. Law

The intent of the Three Strikes Law is " 'to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses.' " (*People v. Strong* (2001) 87 Cal.App.4th 328, 337, fn. omitted.) The Three Strikes Law establishes a sentencing norm for longer sentences for repeat offenders and "carefully circumscribes the trial court's power to depart from this norm," requiring the trial court to explicitly justify its decision to depart from this norm. (*People v. Carmony* (2004) 33 Cal.4th 367, 378 (*Carmony*).) "In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*Ibid*.)

However, under the Three Strikes sentencing scheme the trial court retains jurisdiction to dismiss or strike one or more of a defendant's prior strike convictions, "subject, however, to strict compliance with the provisions of section 1385 and to review for abuse of discretion." (*Romero*, *supra*, 13 Cal.4th at p. 504.)

Section 1385 grants trial courts limited discretion to strike prior strike conviction allegations. (§ 1385; *Romero*, *supra*, 13 Cal.4th at p. 530.) The lower court must determine whether "in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161; see *People v. Strong*, *supra*, 87 Cal.App.4th at p. 336 [The "spirit" of a law refers to the general meaning or purpose of the law.].)

Discretion is abused if a court dismisses a prior strike conviction for judicial convenience, to relieve court congestion, or simply because the defendant pled guilty.

5.

(*Romero*, *supra*, 13 Cal.4th at p. 531.)  "[A trial] court [would not] act properly if 'guided solely by a personal antipathy for the effect that the three strikes law would have on [a] defendant ….' " (*Ibid*.)  Additionally, considering the defendant's criminal history alone is " 'incompatible with the very nature of sentencing discretion ….' " (*In re Saldana* (1997) 57 Cal.App.4th 620, 626; *People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 981.)

However, the extent of a defendant's criminal record is "undeniably relevant" to the factors outlined in *Williams,* and the defendant's sentence is the overarching consideration when deciding to strike a prior conviction allegation "because the underlying purpose of striking prior conviction allegations is the avoidance of unjust sentences." (*People v. Garcia* (1999) 20 Cal.4th 490, 498, 500–501.)  The sentence imposed by the trial court is, also, itself, a factor when deciding a defendant's prospects for committing future crimes because the defendant will have fewer opportunities to commit crimes while incarcerated.  (*People v. Gaston* (1999) 74 Cal.App.4th 310, 315.)

Accordingly,

> " 'Where the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance.' [Citation.]  Because the circumstances must be 'extraordinary … by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record, the continuation of which the law was meant to attack' [citation], the circumstances where no reasonable people could disagree that the criminal falls outside the spirit of the three strikes scheme must be even more extraordinary." (*Carmony*, *supra*, 33 Cal.4th at p. 378.)

On review, the trial court's denial of the motion is strongly presumed to be a proper exercise of discretion. (*Carmony*, *supra*, 33 Cal.4th at p. 378.)  It is the defendant's burden to provide the trial court with evidence to support his *Romero* motion.  (*People v. Lee* (2008) 161 Cal.App.4th 124, 129.)  "[A] trial court does not abuse its discretion

unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, *supra*, 33 Cal.4th at p. 377.)

### C. Analysis

Here, the trial court explicitly considered the seriousness of defendant's history of reoffending, defendant's numerous failures while on probation and parole, and that he was on probation and parole at the time he committed the instant offense. The court referenced defendant's lengthy criminal history, which the court noted dated back approximately 20 to 30 years and consisted of felony and misdemeanor convictions. The court's discussion of the proper considerations, along with the presumption that denial of a *Romero* motion is a proper exercise of discretion (*Carmony*, *supra*, 33 Cal.4th at p. 378), convince us that the court's denial of defendant's motion was not an abuse of discretion. The court's decision was not "so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, at p. 377.) As we explain below, defendant's arguments to the contrary do not persuade us.

Defendant first contends that the trial court abused its discretion by refusing to strike his prior strike because its comments at sentencing suggest that it may have misunderstood the scope of its discretion, "in that it actually did have discretion to dismiss the prior strike based upon the other relevant factors, despite [his] recidivism." However, the trial court's statement does not imply that the court did not understand the scope of its discretion. The trial court's statement shows that it considered several relevant factors when it determined it would not strike defendant's strike, including his numerous prior convictions, prior probation and parole violations, and the fact that he committed the current offense while on felony probation and parole. The factors the court was required to consider were before the court, included in either the probation officer's report, the parties' written motions, or the parties' oral arguments on the *Romero* motion. There is nothing in the record to suggest that the court refused to consider these circumstances. "While a court must explain its reasons for striking a prior [citation], no

7.

similar requirement applies when a court declines to strike a prior." (*In re Large* (2007) 41 Cal.4th 538, 550.) Accordingly, the trial court was not obligated to address every aspect of its decision to deny defendant's *Romero* motion in its statement.

Alternatively, defendant contends that "[e]ven if the trial court did not misunderstand the scope of its discretion, it still erred in failing to dismiss/strike [his] prior strike because considering all the relevant criteria, it is clear that [he] fell outside the spirit of the three strikes sentencing scheme and that he is not the kind of career criminal that should be sentenced pursuant to the [T]hree [S]trikes sentencing scheme." However, the trial court did not abuse its discretion in concluding that defendant did not fall outside the spirit of the Three Strikes sentencing scheme.

In support of his contention that he falls outside the spirit of the Three Strikes law, defendant first argues his prior strike was remote. "In determining whether a prior conviction is remote, the trial court should not simply consult the Gregorian calendar with blinders on." (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813; see *People v. Solis* (2015) 232 Cal.App.4th 1108, 1124 [a prior strike conviction is not properly stricken merely because it is 30 years old].) "To be sure, a prior conviction may be stricken if it is remote in time. In criminal law parlance, this is sometimes referred to as 'washing out.' [Citations.] The phrase is apt because it carries the connotation of a crime-free cleansing period of rehabilitation after a defendant has had the opportunity to reflect upon the error of his or her ways." (*Humphrey*, at p. 813.) Here, defendant did not live a legally blameless life after his prior strike conviction. Although defendant's conviction for the strike at issue here occurred almost seven years ago, defendant reoffended when he was on parole for that violation, which was one of numerous instances in which he violated probation or parole by committing another offense. As the trial court stated, defendant also committed the current offenses while on felony probation and parole. Thus, defendant's prior strike conviction was not so remote that it required the trial court to find that he fell outside the spirit of the Three Strikes law.

Defendant next contends the denial of his *Romero* motion was an abuse of discretion because his current offense was not violent, "and, on the spectrum of criminal behavior," defendant's current and prior convictions fell "closer to the end of less reprehensible conduct." (*People v. Avila* (2020) 57 Cal.App.5th at 1134, 1145.) However, the trial court stated,

> "[T]o the extent that the current charge is not a serious or violent felony and I don't want to understate it because it is significant, but relatively speaking it is not that significant and so—and I'll talk about this here in a moment when we get on to the sentencing—but I am inclined to give the midterm as opposed to the upper term. So in other words, … *listening to [defense counsel's] comments, I'm not going to apply the striking the strike but I do think they are very relevant to consider when figuring out what the appropriate term is, so let's go ahead and turn to that now*." (Italics added.)

The court's statement shows it properly considered the nature and circumstances of defendant's current offense. This is also reflected in the court's sentencing of defendant to the middle term for the offense.

Defendant further argues that defendant's criminal conduct, especially his criminal conduct since the commission of the prior strike offense, appears to be related to his mental state, including his drug addiction and his mental health issues of schizophrenia and bipolar disorder. However, the trial court made clear it considered defendant's individual background, as it expressly stated that it read and considered the parties' moving papers in which defendant argued, in part, that his inability to comply with his registration requirement had been hampered by substance and mental health issues. It is clear from the written *Romero* motion as well as defense counsel's argument at the hearing that the court was aware of defendant's background. As stated above, the court is not required to state all its reasons for declining to strike a prior strike. (*In re Large*, *supra*, 41 Cal.4th at p. 550.)

The trial court did not abuse its discretion in denying defendant's *Romero* motion to dismiss his prior strike. Defendant has not presented affirmative evidence that the court failed to look at the "the entire picture" when it denied defendant's *Romero* motion. (See *People v. Superior Court* (*Alvarez*), *supra*, 14 Cal.4th at p. 981.)

**II. Senate Bill 567**

Defendant next contends that his sentence in case No. BF179936A must be vacated and his case remanded for resentencing in light of amendments to section 1170, subdivision (b). The People agree, as do we.

### A. *Background*

On June 10, 2021, the trial court sentenced defendant to four years (the middle term, doubled due to the prior strike) on count 1 in case No. BF183713A, and three years (the upper term, concurrent) in case No. BF179936A. It stated,

> "Now we'll go ahead and turn to the probation revocation [c]ase BF179936A. I'll pronounce judgment as follows: Probation is formally revoked and the defendant is sentenced to the Department of Corrections for the upper term of three years. Said sentence is to be served concurrent with the sentence imposed in the case that we just handled BF183713A."

### B. *Law*

On October 8, 2021, Senate Bill 567 was signed into law. It amended the determinate sentencing law, section 1170, subdivision (b), which delineates the trial court's authority to impose one of three statutory terms of imprisonment, known as the lower, middle, or upper terms, by making the middle term the required sentence for a term of imprisonment, unless certain circumstances exist. (See Stats. 2021, ch. 731, § 1.3, adding § 1170, subd. (b)(1), (2).) Effective January 1, 2022, under the newly amended law, the trial court may impose an upper term sentence only where there are circumstances in aggravation, and the facts underlying all of the aggravating circumstances have been stipulated to by the defendant or found true beyond a reasonable

doubt by a jury or the trial court in a court trial. (*Ibid.*) However, under section 1170, subdivision (b)(3), the trial court,

> "may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

Under amended section 1170, subdivision (b)(5), the trial court must "set forth on the record the facts and reasons for choosing the sentence imposed. The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law." (§ 1170, subd. (b)(5).)

### C.    Analysis

Senate Bill 567 went into effect on January 1, 2022. Absent evidence to the contrary, the Legislature intends amendments to statutes that reduce the punishment for a particular crime to apply to all defendants whose judgments are not yet final on the amendment's operative date. (*People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 307–308 [discussing *In re Estrada* (1965) 63 Cal.2d 740]; *People v. Brown* (2012) 54 Cal.4th 314, 323.) The "consideration of paramount importance" is whether the amendment lessens punishment. (*Estrada*, at p. 744.) If so, the "inevitable inference [is] that the Legislature must have intended that the new statute" apply retroactively. (*Estrada*, at p. 745.) As Senate Bill 567's amendments to section 1170, subdivision (b), lessen punishment, and there is no indication that the Legislature intended it to apply prospectively only, the new law must be retroactively applied. Therefore, the amendment to section 1170, subdivision (b), applies to all cases not final on Senate Bill 567's effective date. (*Estrada*, at pp. 745–746; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039, fn. omitted.)

As the parties agree, defendant's case was not final on January 1, 2022, and he was sentenced to the upper term in case No. BF179936A under former section 1170. We agree that defendant is entitled to the benefit of Senate Bill 567. Here, defendant's

sentence to the upper term in case No. BF179936A is not consistent with the requirements of Senate Bill 567's amendment to section 1170, subdivision (b), because the record does not reflect that the aggravating circumstances were all proved to a jury beyond a reasonable doubt, admitted by defendant, or were circumstances relating to defendant's prior convictions based on a certified record of conviction.

Here, defendant's sentence to the upper term in case No. BF179936A by the trial court is not consistent with the requirements of Senate Bill 567's amendment to section 1170, subdivision (b)(5), because the court did not state on the record any facts or reasons for choosing the sentence imposed. Accordingly, we must vacate defendant's sentence in case No. BF179936A and remand for resentencing in light of amended section 1170, subdivision (b). We express no opinion on how the trial court should rule.

## DISPOSITION

The sentence in case No. BF179936A is vacated and the matter is remanded for resentencing in light of amended section 1170, subdivision (b). In all other respects, we affirm.