Filed 7/6/23  P. v. Pike CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>VERNON SHANE PIKE,<br><br>    Defendant and Appellant. | F084929<br><br>(Super. Ct. No. F22900767)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  F. Brian Alvarez, Judge.

Justin Behravesh, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Julie A. Hokans, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Poochigian, Acting P. J., Franson, J. and Smith, J.

Defendant Vernon Shane Pike contends on appeal that the trial court abused its discretion in denying his *Romero*[1] motion to dismiss a prior felony "strike" conviction within the meaning of the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).[2] We affirm.

## PROCEDURAL SUMMARY

On April 15, 2022, the Fresno County District Attorney filed an information charging defendant with second degree robbery (§ 211; count 1). The information further alleged that defendant had a prior strike conviction (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), which also qualified as a prior serious felony conviction (§ 667, subd. (a)(1)), and previously had been convicted of three felonies within the meaning of section 1203, subdivision (e)(4). The information also alleged the following aggravating circumstances under California Rules of Court, rule 4.421(b)(1)–(5): defendant had engaged in violent conduct that indicated a serious danger to society; defendant had prior convictions that were numerous or of increasing seriousness; defendant had served a prior term in prison or county jail; defendant was on supervision when the crime was committed; and defendant's prior supervision performance had been unsatisfactory.

On April 26, 2022, defendant entered a plea of not guilty and denied the enhancement and prior conviction allegations against him.

On June 28, 2022, a jury found defendant guilty. Defendant waived his right to a bifurcated jury trial on the enhancement and prior conviction allegations in the information. On June 29, 2022, a bench trial was held, at the conclusion of which the trial court found all allegations true.

Before sentencing, defendant filed a sentencing memorandum in mitigation that included a request to strike the prior strike conviction pursuant to *Romero*. The trial court

---

[1] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

[2] All statutory references are to the Penal Code unless otherwise noted.

denied defendant's motion. Defendant was sentenced on count one to a total term of 15 years: 10 years (the upper term of five years doubled due to the prior strike conviction), plus a five-year prior serious felony conviction enhancement.

On September 9, 2022, defendant filed a notice of appeal.

## FACTUAL SUMMARY

On February 2, 2022, at around 4:36 p.m., V.A. was sitting in the driver's seat of his parked car at a park. His windows were rolled down as he watched videos on his phone. Defendant approached V.A. from the driver's side of the car. Defendant began speaking loudly to V.A. and made a slicing motion with his hand across his neck. Defendant was foaming at the mouth, and "looked like his eyes were about to pop out." Defendant then opened V.A.'s car door and signaled to V.A. to get out of the car.

As V.A. began to get out of the car, defendant pulled him the rest of the way out and hit him two or three times in his eye. V.A. managed to pick up his car keys that had fallen, but defendant grabbed V.A.'s phone and wallet from him. Defendant also attempted to take V.A.'s car keys but V.A. ran away. After fleeing, V.A. found a stranger who let him use his cell phone to call 911.

Defendant stayed in V.A.'s car and rummaged through its contents for roughly half an hour before walking away. V.A. went back to his car and found that his wallet and cell phone were still there, but the contents of his wallet were gone, including approximately $540 in cash.

Fresno Police Department Officers David Lambert and Manuel Jaramillo arrived on the scene and contacted V.A. Lambert then observed defendant nearby and called for backup. Another officer arrived and contacted defendant. An in-field lineup was conducted, and V.A. positively identified defendant. A pat down of defendant revealed several items, including $530 in cash.

3.

## DISCUSSION

Defendant contends the trial court abused its discretion when it denied his *Romero* motion to dismiss his prior strike conviction. The People disagree. We agree with the People.

### A. Background

Before sentencing, defendant filed a statement in mitigation that included a motion pursuant to section 1385, subdivision (a), requesting that the trial court strike his prior strike conviction in the furtherance of justice. Defendant argued that the prior strike conviction should be stricken because (1) it was more than five years old, (2) defendant's problems with the law resulted from substance abuse, and (3) defendant had accepted responsibility for his actions.

At the sentencing hearing on September 8, 2022, before the court pronounced judgment, defendant addressed the court, stating:

> "I just want to apologize for everything that I've caused, period. Um, I'm not sorry that I got caught, I'm sorry that I did this, plain and simple. And I wish I would have—I wish I would have just stood up like a man and took my punishment like I should have instead of wasting all the time, money[,] and effort and causing everybody [ ] problems. I really do apologize."

The prosecution then argued that the prior strike conviction should not be stricken because defendant did not fall outside the spirit of the Three Strikes law, noting that defendant's prior strike for which he previously went to prison was the same offense as his instant offense; the prior strike was only five years old; defendant was on postrelease community supervision (PRCS) at the time he committed the instant offense; defendant's criminal history dated back to 2006; and defendant did not take responsibility for his conduct on the day of the incident.

The trial court denied defendant's motion. Noting its discretion under section 1385, the court considered the circumstances in aggravation, including that

4.

defendant was on PRCS[3] when the present offense was committed; the prior strike conviction for robbery—the same offense as the instant offense—occurred in 2017; and defendant had not remained substantially free from prison or supervision for a long enough time for the court to believe he fell outside the scheme of the Three Strikes law. The court stated:

> "First, with regards to the request to strike the prior serious or violent felony conviction under the Three Strikes Law pursuant to [s]ection 1385, a couple of observations.… [C]ase law from the California Supreme Court has been very clear to [courts] about what factors and considerations it should have[;] … the [c]ourt's discretion to strike the prior felony conviction allegation in furtherance of justice is limited .… This standard requires consideration of both the constitutional rights of the [d]efendant and the interest[s] of society [as] represented by the People .… Factors the [c]ourt should consider include the [d]efendant's background, the nature of his present offense or offenses, and other individualized considerations.… [A court] should look at the [d]efendant's particular background, character, and prospects to determine whether the [d]efendant falls outside the scheme of the Three Strikes Law in whole or in part.… [T]he circumstances must be extraordinary by which a career criminal can be deemed to fall outside the spirit of the very scheme which—within which he squarely falls once he commits a [prior] strike [offense] as part of a long and continuous criminal record, a continuation of which the law was meant to attack.… The [c]ourt has considered the factors under [section] 1385[;] … factors [that] would weigh against striking the allegation are that [defendant] was on a grant of [PRCS] when the present offense was committed. His prior conviction for robbery occurred in 2017. He has not remained substantially free from either prison or supervision on parole for any period of time that would lead the [c]ourt to believe that he falls outside the scheme of the Three Strikes Law. [A]ccordingly, his request to strike the prior robbery conviction would be denied[.]"

The court further noted defendant's background, criminal history, and the nature of the instant offense, stating:

---

**3**     While the court stated that defendant was on "parole" at the time he committed the instant offense, defendant was actually on PRCS.

"[Defendant] did have some adverse childhood experiences, significantly so. And, in fact, his ACE[4] score was a five, according to the report. The [c]ourt lays out some factors in consideration of [defendant's] background, which [was] indicated before as to [defendant]'s upbringing and his understanding of his attempts in life to, one, try to go into the military, but was rejected due to his size, and some of his addiction issues also with regards to his history.… [T]he [c]ourt also considers the factors in aggravation that were found true.… [H]e has prior convictions as an adult or sustained petitions in juvenile delinquency proceeding [that] are numerous or of increasing seriousness .… Defendant has served a prior prison term.… That prison term being [for] the domestic violence conviction .… That's apart and different from the robbery conviction. The [c]ourt also notes that he had a prior conviction [ ] and [ ] a prison sentence for a violation of Health & Safety Code section 11370.1(a), which is possessing a firearm while also possessing a controlled substance.… [H]e was on [PRCS] when the [current] offense was committed .… And the [c]ourt is, likewise, considering that this conduct in which [defendant] engaged [was] violent conduct indicating a serious danger to society.… This was a violent felony and committed in a way that indicates a serious danger to society in that it was a random act of violence seemingly, and it appears that the complaining victim witness here, [V.A.], was targeted simply for sitting in his car in a park and robbed of money.… Given the nature in which this offense occurred, given the random act of violence, the [c]ourt does deem that to be a significant concern with regard [ ] to public safety. Also [, the court notes] that [defendant] was on a grant of [PRCS] when he committed this offense and presumably that did not deter him in becoming involved in the conduct which now brings him again before this [c]ourt."

### B.     Law

The intent of the Three Strikes law is " 'to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses.' " (*People v. Strong* (2001) 87 Cal.App.4th 328, 337.) The Three Strikes law establishes a sentencing norm for longer sentences for repeat offenders and "carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision" to strike a prior strike

---

**4**      "ACE" refers to the "Adverse Childhood Experiences Survey."

conviction. (*People v. Carmony* (2004) 33 Cal.4th 367, 378 (*Carmony*).) However, "no similar requirement applies when a court declines to strike a prior [strike conviction]." (*In re Large* (2007) 41 Cal.4th 538, 550.) "In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." (*Carmony*, at p. 378.)

The lower court must determine "whether in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the [Three Strikes] scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161; see *People v. Strong*, *supra*, 87 Cal.App.4th at p. 336 [The "spirit" of a law refers to that law's general meaning or purpose].) "[T]he sentence imposed by the trial court is itself a factor" when deciding a defendant's prospects for committing future crimes because the defendant will have fewer opportunities to commit crimes while incarcerated. (*People v. Gaston* (1999) 74 Cal.App.4th 310, 315.) Also, the extent of a defendant's criminal record is "undeniably relevant" to the factors outlined in *Williams*. (*People v. Garcia* (1999) 20 Cal.4th 490, 498–499, 501–502.) "[T]he presence of mitigating evidence is not enough to render the trial court's decision an abuse of discretion." (*People v. Bernal* (2019) 42 Cal.App.5th 1160, 1170.)

Discretion is abused if a court dismisses a prior strike conviction for judicial convenience, to relieve court congestion, or simply because the defendant pleaded guilty. (*Romero*, *supra*, 13 Cal.4th at p. 531.) Additionally, considering the defendant's criminal history alone "is 'incompatible with the very nature of sentencing discretion ….' " (*In re Saldana* (1997) 57 Cal.App.4th 620, 626; *People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 981.) It is the defendant's burden to provide the trial court with

7.

evidence to support his *Romero* motion. (*People v. Lee* (2008) 161 Cal.App.4th 124, 129.)

"[A] trial court does not abuse its discretion unless its decision is so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, *supra*, 33 Cal.4th at p. 377.) "Where the record … 'demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance.' " (*Id*. at p. 378.)

### C.  Analysis

Here, the trial court discussed its discretion to strike defendant's prior strike conviction and the factors it was required to consider, including the nature of defendant's present offense, criminal record, background, character, and prospects. The court also stated it had reviewed defendant's mitigation memorandum and supporting documents and had heard from both the prosecution and defendant himself. The court then discussed its consideration of defendant's lengthy and continuous criminal history, with numerous convictions of increasing seriousness, both before and after the prior strike conviction; that defendant was on PRCS when he committed the instant offense; the violent and random nature of the instant offense; and defendant's failure to remain free from either prison or supervision for any significant period of time since his prior strike conviction in 2017. Also, the court explicitly discussed mitigating circumstances, including defendant's adverse childhood, rejection from the military, and addiction issues. It explained that, balancing these factors, defendant does not fall outside the spirit of the Three Strikes law. The court's consideration of the proper factors and circumstances, along with the presumption that denial of a *Romero* motion is a proper exercise of discretion unless the circumstances are so extraordinary that no reasonable person could disagree that defendant falls outside the spirit of the law, convince us that

the court's denial of defendant's motion was not an abuse of discretion. (See *Carmony*, *supra*, 33 Cal.4th at p. 378.) As we explain below, defendant's arguments to the contrary do not persuade us.

Defendant first argues that the trial court improperly found his prior strike conviction was not sufficiently remote in time to be dismissed pursuant to section 1385, subdivision (c)(2)(H) because the strike was five years old. Section 1385, subdivision (c)(2)(H) states that an enhancement shall be dismissed if it is based on a prior conviction that is over five years old. (§ 1385, subd. (c)(2)(H).) However, section 1385, subdivision (c)(2)(H) specifically applies to enhancements, not additional punishment pursuant to a prior strike conviction. (*Ibid*.) In contrast, "[i]n determining whether a prior [strike] conviction is remote, the trial court should not simply consult the Gregorian calendar with blinders on." (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813; see *People v. Solis* (2015) 232 Cal.App.4th 1108, 1124–1125 [a prior strike conviction is not properly stricken merely because it is 30 years old].) "To be sure, a prior conviction may be stricken if it is remote in time. In criminal law parlance, this is sometimes referred to as 'washing out.' [Citations.] The phrase is apt because it carries the connotation of a crime-free cleansing period of rehabilitation after a defendant has had the opportunity to reflect upon the error of his or her ways." (*Humphrey*, at p. 813.) Here, defendant did not live a legally blameless life either before or after his prior strike conviction. The court noted that defendant's prior strike conviction was only five years old, and that "[h]e has not remained substantially free from either prison or supervision … for any period of time that would lead the [c]ourt to believe that he falls outside the scheme of the Three Strikes law," as he also suffered a felony conviction for violating Health and Safety Code section 11370.1, subdivision (a), for possession of a controlled substance with a firearm between his 2017 prior strike conviction and the current offense. The court also noted that his offenses had increased in seriousness over time, with

9.

three separate misdemeanor convictions for different offenses in 2006, to a felony conviction for corporal injury to a spouse or cohabitant in 2014, then his 2017 prior strike conviction for felony robbery, then a felony conviction for possession of a controlled substance and firearm in 2019, up to the most recent felony robbery conviction at issue here. Thus, defendant's prior strike conviction is not so remote that he falls outside the spirit of the Three Strikes law.

Defendant next contends that the trial court did not "fully consider" the mitigating factors and his acceptance of responsibility. However, the court made clear it considered defendant's individual background and character. It expressly stated it had read defendant's mitigation memorandum and supporting documents and had considered his adverse childhood, ACE score of five, rejection from the military, addiction problems, and statement to the court. It is clear from the moving papers, as well as the court's statement at the hearing, that the court was well aware of and considered the effects of defendant's background. Further, although defendant points to mitigating evidence, such as his expression of remorse at sentencing and his childhood trauma, rejection from the military, and addiction issues, the presence of this mitigating evidence is not enough to render the court's decision an abuse of discretion. (See *Bernal*, *supra*, 42 Cal.App.4th at p. 1170 ["[T]hough defendant points to mitigating evidence, such as his expression of remorse at sentencing and letters from family members attesting to his character, the presence of mitigating evidence is not enough to render the trial court's decision an abuse of discretion."]) In *People v. Martinez* (1999) 71 Cal.App.4th 1502, the defendant had a similarly adverse childhood. However, the *Martinez* court found that, while the "[d]efendant's upbringing and learning disabilities are unfortunate, [ ] the law still holds such an individual responsible for his or her behavior." (*Id*. at p. 1511.) The same is true here. The court acted within the applicable standards when it declined to find that

defendant fell outside the spirit of the Three Strikes law, despite defendant's adverse childhood, addiction issues, and statement to the court.

Further discussion by the trial court of defendant's background, character, and prospects was unnecessary, as the court was not obligated to address every aspect of its decision to deny defendant's *Romero* motion in its statement.  (See *In re Large*, *supra*, 41 Cal.4th at p. 550; see also *People v. Salazar* (2022) 80 Cal.App.5th 453, 461 ["There is a presumption that the trial court considered all relevant factors, even if it did not mention them all."].)

The trial court's decision was not "so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, *supra*, 33 Cal.4th at p. 377.)  The court's reliance on the nature of the current offense, and criminal history, background, character, and prospects of defendant, along with the presumption that denial of a *Romero* motion is a proper exercise of discretion, convince us that, when looking at the entire picture, the court's denial of defendant's motion was not an abuse of discretion.  (See *Carmony*, at p. 378).

## **DISPOSITION**

The judgment is affirmed.